**Holly RODRIGUEZ, Individually and as Heir of the Estate of Lorenzo Rodriguez, Jr., Appellant,**

v.

**TINSMAN & HOUSER, INC., Appellee.**

No. 04–99–00177–CV.

Court of Appeals of Texas, San Antonio.

Dec. 15, 1999.

**48** 

Douglas W. Alexander, Scott, Douglass & McConnico, L.L.P., Austin, for Appellant.

George H. Spencer, Clemens & Spencer, San Antonio, for Appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: CATHERINE STONE, Justice.

Holly Rodriguez appeals from a summary judgment granted in favor of Tinsman & Houser, Inc. on her claims for legal malpractice. Judgment was granted in favor of Tinsman & Houser on its affirmative defense that Rodriguez's suit was time barred. For the following reasons, we affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In May 1992, Rodriguez's husband, Lorenzo Rodriguez, died in a plane crash. In April 1993, Rodriguez consulted with the law firm of Tinsman & Houser about potential claims and damages arising out of the crash, and was advised against pursuing a lawsuit. On July 14, 1995, more than two years after the her husband's accident, Rodriguez learned that other individuals had successfully prosecuted claims related to the 1992 crash. Armed with that information, Rodriguez pursued the instant legal malpractice suit against Tinsman & Houser for its alleged negligence in the 1993 client consultation.

Rodriguez filed suit on July 3, 1997. At that time, Lewis Miltenberger and James Jay, Rodriguez's attorneys, instructed the clerk not to issue citation for service. The attorneys decided to personally notify Tinsman & Houser about the lawsuit through written correspondence in which they would also inquire whether the law firm would waive service of citation. That intended gesture of professional courtesy, however, was never sent. Jay discovered the omission on July 29, 1997, and requested issuance of citation on July 31, 1997. Tinsman & Houser was served on August 8, 1997.

Tinsman & Houser moved for summary judgment, arguing that Rodriguez failed to exercise due diligence in procuring service of citation, and thus failed, as a matter of law, to toll the statute of limitations. In response, Rodriguez submitted an affidavit

from Miltenberger, in which he explained that the delay in procuring service of citation was due to miscommunication between himself and Jay; both men thought the other had sent the proposed correspondence to Tinsman & Houser. Rodriguez argued that the miscommunication between her attorneys, coupled with their prompt request of service of citation once the error was discovered, raised a fact issue regarding diligence, thereby defeating Tinsman & Houser's entitlement to judgment on the affirmative defense of limitations. The trial court granted summary judgment in favor of Tinsman & Houser.[1]

### TIMELY "BRINGING SUIT"

The parties contend that Rodriguez's claims for malpractice against Tinsman & Houser accrued on July 14, 1995, the date on which she learned that she had potential claims related to her husband's death and that the statute of limitations on those claims had expired. We agree this is the latest date upon which Rodriguez's claims accrued. Thus, in order to recover for such claims, Rodriguez was required to "bring suit" no later than July 14, 1997. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon Supp.1999) (tort action must be brought within two years of time tort was committed); *Burnap v. Linnartz,* 914 S.W.2d 142, 148 (Tex.App.—San Antonio 1995, writ denied) (recognizing that malpractice claims sound in tort, and are, therefore, governed by two year statute of limitations). "Bringing suit" within a limitations period involves both filing a petition within the applicable time period and exercising due diligence in serving the defendant with citation. *See Gant v. De-Leon,* 786 S.W.2d 259, 260 (Tex.1990). When, as here, the plaintiff files her petition within the limitations period, but does not serve the defendant until after the statutory period has run, her suit is time barred unless it is shown that she exercised diligence in effecting service. *Id.* That is, the date of service will relate back to the date of the petition's filing if the plaintiff exercised diligence in effecting service. *Id.*

The existence of due diligence is usually a fact question determined by a two-prong test: (1) whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances; and (2) whether the plaintiff acted diligently up until the time the defendant was served. *Hodge v. Smith,* 856 S.W.2d 212, 215 (Tex.App.—Houston [1st Dist.] 1993, writ denied); *see Liles v. Phillips,* 677 S.W.2d 802, 809 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). A lack of diligence will be found as a matter of law, however, if no valid excuse for lack of service is offered, or if the lapse of time and the plaintiff's acts, or inaction, conclusively negate diligence. *Hansler v. Mainka,* 807 S.W.2d 3, 5 (Tex.App.—Corpus Christi 1991, no writ). An offered explanation must involve diligence to seek service of process. *Weaver v. E–Z Mart Stores,* 942 S.W.2d 167, 169 (Tex.App.—Texarkana 1997, no writ). Stated differently, lack of diligence can be found even in the face of an offered explanation, if that explanation affirmatively established lack of reasonable diligence. *See id.* at 170.

To obtain summary judgment on the basis that an action was not served within the applicable limitations period, the movant must show that, as a matter of law, diligence was not used to effectuate service. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975); *Gant,* 786 S.W.2d at 260. In deciding whether a

---

1. In July 1998, the Honorable Michael Peden granted Tinsman & Houser's motion for summary judgment in part on Rodriguez's claims alone. That July order, which did not dispose of Rodriguez's daughter's claims, was rendered final in December 1998, when the Honorable David Berchelmann, Jr. signed a summary judgment disposing of Rodriguez's daughter's claims. The instant appeal concerns only the propriety of the July 1998 summary judgment.

disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the non-movant. *Nixon v. M.R.R. Property Management*, 690 S.W.2d 546, 548–49 (Tex.1985). Every reasonable inference from the evidence will be indulged in favor of the non-movant, and any doubts will be resolved in its favor. *Id.* at 549.

## ARGUMENT

On appeal, Rodriguez's sole contention is that the trial court improperly granted summary judgment because she filed a response to Tinsman & Houser's summary judgment motion in which the relatively short delay in effecting service was explained. Rodriguez contends that because she offered an excuse for the delay in effecting service, summary judgment was appropriate only if the lapse of time and her actions were such that they conclusively negated diligence. We disagree.

■ Rodriguez's argument is premised upon two erroneous assumptions, the first of which is that any offered explanation of delay raises a fact issue about diligence, thereby precluding summary judgment. In support of this contention, Rodriguez relies primarily upon *Holt v. D'Hanis State Bank*, 993 S.W.2d 237 (Tex.App.—San Antonio 1999, no pet.), wherein this court, in responding to the argument that a three-month delay in procuring service is not a lack of diligence as a matter of law, determined that notwithstanding the lapse of time, summary judgment was proper because no explanation of delay was offered. *Holt*, 993 S.W.2d at 241. This court noted that the non-movant "*could have* raised a fact issue by filing a response" to the summary judgment motion, but in failing to do so did not satisfy his burden of establishing due diligence. *Id.* (emphasis added). This language, contrary to Rodriguez's suggested reading, does not imply that the mere assertion of an explanation will raise a fact issue about diligence. Rather, this language, through the court's use of qualified terms, implicitly incorporates the general rule that a fact issue exists if the offered explanation is reasonable or valid. *See e.g., Jimenez v. County of Val Verde*, 993 S.W.2d 167, 168 (Tex.App.—San Antonio 1999, pet. denied) (explanation that attorney relied upon process server failed as matter of law to raise fact issue on obligation to show diligence); *Weaver*, 942 S.W.2d at 169–70 (explanation of delay based on ignorance of law failed as matter of law to raise fact issue on obligation to show diligence).

■ The second erroneous assumption in Rodriguez's argument is that her proffered explanation of delay constitutes a valid explanation. The proffered explanation of miscommunication is not valid because it does not involve diligence to seek service of process. *See Weaver*, 942 S.W.2d at 169. A plaintiff's duty to use diligence continues from the date suit is filed until the date the defendant is served. *Hodge*, 856 S.W.2d at 215. Here, at the time suit was filed, Miltenberger and Jay expressly directed the clerk not to issue citation for service. Although this instruction was based on a well-intended gesture of a professional courtesy to obtain a waiver of service, a valid alternative to formal process, Miltenberger and Jay failed to take any steps beyond the conception of the idea to accomplish their goal. Miltenberger and Jay's inactivity distinguishes the instant case from *Hodge*, *Valdez v. Charles Orsinger Buick Co.*, 715 S.W.2d 126 (Tex.App.—Texarkana 1986, no writ), and *Saenz v. Keller Indus. of Texas, Inc.*, 951 F.2d 665 (5th Cir.1992), cases upon which Rodriguez relies to argue that inadvertent attorney conduct provides a valid excuse for delay in service.

In *Hodge*, the plaintiff's attempt to effect service on the defendant by publication was rendered ineffective due to counsel for plaintiff's inadvertent failure to sign a supporting affidavit. *Hodge*, 856 S.W.2d at 216. Despite the defect, the district clerk published the citation and provided postcard notice that the defendant had been served. *Id.* Relying on the invalid

citation by publication, counsel for plaintiff delayed in obtaining personal service for many months. *Id.* The *Hodge* court reversed the defendant's summary judgment based on limitations, finding that the attorney's explanation constituted a valid excuse of delay because the attorney had reason to believe he had effected service by publication. *Id.* at 217.

In *Valdez,* the plaintiff sued two defendants. *Valdez,* 715 S.W.2d at 127. When suit was filed, the fee paid to issue citation of service was insufficient payment for service on both defendants. *Id.* at 128. The insufficient payment was due to miscommunication between the law firm's secretary and the clerk's office; the secretary believed the fee would cover both defendants and the clerk's office assumed only one citation was to be issued. *Id.* Consequently, only one defendant was timely served; the other defendant was not served until eight months after the limitations period had expired. *Id.* at 127. The *Valdez* court reversed the defendant's summary judgment, finding that the proffered excuse of miscommunication between the law firm and the clerk's office was sufficient to raise a fact issue as to whether the plaintiff exercised reasonable diligence. *Id.* at 128.

In *Saenz,* issuance and service of process were obtained after the expiration of the limitations period. *Saenz,* 951 F.2d at 666–67. Counsel for plaintiff's failure to submit a required summons request form at the time suit was filed occasioned the delay. *Id.* at 667. The omission was due to the attorney's miscommunication with the clerk's office coupled with his failure to observe local rules. *Id.* at 666–67. Reversing the defendant's summary judgment based on limitations, the Fifth Circuit concluded that the attorney's inadvertence was not enough to conclusively negate due diligence. *Id.* at 668.

The instant case, however, unlike *Hodge, Valdez,* and *Saenz,* does not involve miscalculated attempts to effect service that, due to miscommunication or inadvertence, were not discovered until after the expiration of the limitations period. Rather, the instant case involves *inactivity* or complete failure to attempt service that was due to miscommunication. While the former scenarios may involve fact issues on diligence, thereby making summary judgment improper, the latter scenario does not. It does not because there are no efforts from which to evaluate the reasonableness or diligence of the actor.

 Here, Miltenberger and Jay directed the clerk not to issue citation. Although they discussed a certain course of action to accomplish notice and service, it is undisputed that they did not take steps in furtherance of that plan until after the limitations period had run. That is, it is not as if the planned correspondence was mailed to the wrong address; it simply was never sent. Thus, notwithstanding the well-intended gesture of professional courtesy, it cannot be said that Miltenberger and Jay exercised diligence or continual diligence in attempting to serve Tinsman & Houser from the time suit was filed until service was accomplished. *See Hodge,* 856 S.W.2d at 215. Because Rodriguez's proffered excuse does not involve diligence in attempting to effectuate service, we find that her explanation is not valid, and therefore, it fails to raise a fact issue on diligence. *See Weaver,* 942 S.W.2d at 170. An invalid explanation of delay, like no explanation for delay, constitutes lack of diligence as a matter of law. *See Jimenez,* 993 S.W.2d at 168. It matters not, therefore, that service in the instant case was accomplished within a relatively short of time after the expiration of the limitations period. *See Perkins v. Groff,* 936 S.W.2d 661, 668 (Tex.App.—Dallas 1996, writ denied) (upholding summary judgment based on expiration of limitations because plaintiff failed to explain eighteen-day delay between expiration of limitations and service). We thus conclude that the trial court correctly determined that the limitations period was not tolled and the suit was barred by the statute of

limitations. Rodriguez's sole point of error is overruled.

The judgment of the trial court is affirmed.