DISSENTING OPINION



No. 04-99-00582-CV



David KEETON and Peggy Sue Keeton,


Appellants



v.



Arnulfo T. CARRASCO, M.D., Gerald Q. Greenfield, M.D.,


and Gerald Q. Greenfield, M.D., PA.,


Appellees



From the 131st Judicial District Court, Bexar County, Texas


Trial Court No. 99-CI-10629, 99-CI-12426, 98-CI-14157


Honorable Carlos C. Cadena, Judge Presiding (1)



Opinion by: Phil Hardberger, Chief Justice

Dissenting Opinion by: Sarah B. Duncan, Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: February 28, 2001


AFFIRMED


 I respectfully dissent.

Carrasco


 "A plaintiff's duty to use diligence continues from the date suit is filed until the date the
defendant is served." Rodriguez v. Tinsman & Houser, Inc., 13 S.W.3d 47, 50 (Tex. App.-San
Antonio 1999, pet. denied). A lack of diligence is established as a matter of law if no valid excuse for
the lack of service is offered. Id. In the context of a summary judgment, the burden rests upon the
movant to prove a lack of diligence. Id.

 Here, Schorn's affidavit arguably establishes the exercise of diligence from September 30 -
the date the first citation was issued - through December 14 - the date Schorn states he believed
Carrasco's answer was due but not filed. (2) Schorn then states he caused a second citation to be issued
on January 5, 1999, and this citation was served on Carrasco on February 2, 1999. However, Schorn
provides no excuse for the delay between December 14, 1998 and January 5, 1999, the date the
second citation was issued; nor does he explain the delay between January 5 and January 27, 1999,
the date a third citation was issued or between January 27 and February 2, the date of service. Under
these circumstances, the failure to exercise diligence is established as a matter of law. See id. at 51.
Accordingly, I would affirm the summary judgment in favor of Carrasco.

Greenfield


 Greenspan's only testimony concerning causation was as follows:

 This breach of the relevant standard of care caused Mr. Keeton tremendous pain,
allowed Mr. Keeton's post-operative infection to worsen, allowed Mr. Keeton's
fingers to further deteriorate, and ultimately was a cause of the loss of his index
finger.


Greenspan thus testified only as to cause in fact. Because his affidavit fails to raise a material issue
of fact as to the foreseeability component of causation, I would affirm the summary judgment in
Greenfield's favor. See Ortiz v. Santa Rosa Medical Center, 702 S.W.2d 701, 705 (Tex. App.-San
Antonio 1985, writ ref'd n.r.e.).



Conclusion


 Because the trial court correctly granted summary judgment in favor of Carrasco and
Greenfield, I would affirm the judgment.


 Sarah B. Duncan, Justice

Publish

1. Visiting Judges Carlos C. Cadena and Peter Michael Curry signed the summary judgment orders.
2. In fact, if Carrasco had been served on October 23, 1998, his answer would have been due November 16,
1998. Tex. R. Civ. P. 99(b).