NO. 12-02-00096-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




ELIZABETH JARRELL,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW OF


BROOKSHIRE GROCERY COMPANY,

APPELLEE
§
 KAUFMAN COUNTY, TEXAS







 Elizabeth Jarrell appeals from a summary judgment based on limitations entered in favor of
Brookshire Grocery Company ("Brookshire") in her personal injury suit. In two issues, Appellant
contends the trial court erred in granting Brookshire's motion for summary judgment because she
provided an excuse for the delay in serving Brookshire and because the issue of diligence in
obtaining issuance of citations and service on a defendant is a question of fact. We affirm.

 On May 28, 1997, Appellant tripped on a rug at a Brookshire's store. She filed her original
petition on May 18, 1999 alleging she suffered personal injury due to Brookshire's negligence.
Brookshire filed a motion for summary judgment alleging that, although citation was originally
requested on May 18, 1999, it was not served with citation until July 9, 2001, nearly two years and
two months after the statute of limitations expired. It asserted that the delay constituted a lack of due
diligence as a matter of law and therefore Appellant's suit is barred by limitations.

 Appellant filed a response to the motion alleging that her summary judgment evidence, the
affidavits of Ra-Lyn Baker and Robert Huckabee, provides an explanation for the delay in service
of process precluding summary judgment. She asserted that the presentation of an explanation for
the delay created a fact issue on the question of diligence. 

 Ms. Baker is a paralegal with the Law Firm of Patrick Short. At the time Appellant's petition
was filed, the lead counsel on her case was Robert Huckabee, an associate at the firm. 
Approximately four months later, in September 1999, Mr. Huckabee left the firm. Some of his
clients requested that he continue to handle their cases. Ms. Baker sent those files to Mr. Huckabee. 
She stated that, based on Appellant's request for Mr. Huckabee to remain as her attorney, she sent
Appellant's file to Mr. Huckabee. On May 10, 2001, the Law Firm of Patrick Short received notice
that Appellant's case had been placed on the dismissal docket. Ms. Baker forwarded that notice to
Mr. Huckabee who then called her and told her he did not have Appellant's file. Mr. Huckabee
appeared at the dismissal hearing in late May 2001 and explained the situation to the trial court. The
case was retained on the docket. Citation was requested by the Law Firm of Patrick Short on July
3, 2001 and service was made upon Brookshire on July 9, 2001.

 In his affidavit, Mr. Huckabee stated that he had no record or knowledge of receiving
Appellant's file and did not know it was to have been sent to him. He had no knowledge of any
action on her case until he received the forwarded notice that the case had been placed on the
dismissal docket. Neither Mr. Huckabee nor Ms. Baker was able to locate Appellant's file. 
Accordingly, Mr. Huckabee asserted, as the firm thought Mr. Huckabee was handling the case, and
Mr. Huckabee thought the firm was handling the case, the lack of service was due to mistake and
not a lack of diligence.

 In her first issue, Appellant asserts the trial court erred in granting summary judgment for
Brookshire because she provided an excuse for the delay in effecting process. She argues that the
affidavits of Ms. Baker and Mr. Huckabee provide a reasonable explanation for the delay in serving
Brookshire and, therefore, should preclude summary judgment. In her second issue, she contends
the issue of diligence is a question of fact.

 To obtain a summary judgment, the movant has the burden of showing that there is no
genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P.
166a(c). In deciding whether there is a disputed material fact issue precluding summary judgment,
evidence favorable to the non-movant will be taken as true. Nixon v. Mr. Property Management
Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Every reasonable inference must be indulged in favor
of the non-movant and any doubts resolved in its favor. Id.

 When the plaintiff files her petition within the limitations period, but does not serve the
defendant until after the statutory period has run, her suit is time barred unless it is shown that she
exercised diligence in effecting service. Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex. 1990). The
existence of due diligence is usually a fact question determined by a two-prong test: 1) whether the
plaintiff acted as an ordinarily prudent person would have acted under the same or similar
circumstances; and 2) whether the plaintiff acted diligently up until the time the defendant was
served. Rodriguez v. Tinsman & Houser, Inc., 13 S.W.3d 47, 49 (Tex. App.- San Antonio 1999,
pet. denied). A lack of diligence will be found as a matter of law, however, if no valid excuse for
lack of service is offered, or if the lapse of time and the plaintiff's acts, or inaction conclusively
negate diligence. Perry v. Kroger Stores, Store No. 119, 741 S.W.2d 533, 534 (Tex. App.- Dallas
1987, no writ) (on reh'g). Accordingly, to obtain summary judgment on the basis that an action was
not served within the applicable limitations period, the movant must show that, as a matter of law,
diligence was not used to effectuate service. Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 891 (Tex.
1975). We consider the time taken to procure citation and/or service and the type of effort or lack
of effort the plaintiff expended in procuring service. Webster v. Thomas, 5 S.W.3d 287, 290 (Tex.
App.- Houston [14th Dist.] 1999, no pet.). Lack of diligence can be found even in the face of an
offered explanation, if that explanation affirmatively established lack of reasonable diligence. 
Rodriguez, 13 S.W.3d at 49. 

 Appellant contends that her failure to serve Brookshire before limitations ran was the result
of a mistake and not the lack of diligence. We conclude it was both a mistake and a lack of
diligence. Appellant's explanation of the failure to timely serve Brookshire, that it was the result
of mistake, simply does not involve diligence to seek service of process. See id. at 50. Rather,
Appellant's proffered explanation explained the absence of diligence between September 1999 and
May 2001 that was due to miscommunications between the law firm and Mr. Huckabee. Thus, it
is not a valid explanation. An invalid explanation of delay constitutes lack of diligence as a matter
of law. Id. Because Appellant's proffered excuse does not involve diligence in attempting to
effectuate service, and her explanation is not valid, it fails to raise a fact issue on diligence. 

 Appellant's duty to use diligence remained constant from May 18, 1999 until Brookshire was
served. Although citation was requested on May 18, 1999, nothing in the record shows any attempt
to follow up on that request or any attempt to seek service of process again until well after expiration
of the limitations period. Appellant provided no explanation whatsoever regarding the failure to
attempt service from May 19, 1999 to September 1999 and from May 2001 to July 3, 2001, the date
citation was finally requested. Therefore, it cannot be said that Appellant exercised continual
diligence in attempting to serve Brookshire from the time suit was filed until service was
accomplished. Id. at 49. The summary judgment proof establishes due diligence was lacking as a
matter of law on the unexplained time periods. See Gant, 786 S.W.2d at 260. 

 Of the two year, two month delay, Appellant provided an invalid explanation for one year
and nine months and provided no explanation whatsoever for a three month period and a two month
period. We conclude the trial court correctly determined as a matter of law that Appellant did not
exercise diligence in effecting service and therefore her suit is time barred. We overrule Appellant's
first and second issues.

 We affirm the trial court's judgment.


 LOUIS B. GOHMERT, JR. 

 Chief Justice



Opinion delivered August 21, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.






















DO NOT PUBLISH










COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



August 21, in the Year of our Lord 2002



NO. 12-02-00096-CV



ELIZABETH JARRELL,


Appellant


V.


BROOKSHIRE GROCERY COMPANY,


Appellee







 Appeal from the County Court at Law


 of Kaufman County, Texas. (Tr.Ct.No. 55131CC)








 THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this Court that there was no error in the judgment.

 It is therefore ORDERED, ADJUDGED and DECREED that the judgment
of the court below Be In All Things Affirmed and that all costs of this appeal are hereby
adjudged against the appellant, Elizabeth Jarrell, and that this decision be certified to the court
below for observance.

 Louis B. Gohmert, Jr., Chief Justice.

 Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.




THE STATE OF TEXAS


M A N D A T E


TO THE COUNTY COURT AT LAW OF KAUFMAN COUNTY, GREETINGS:


 Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 21st
day of August, in the Year of our Lord 2002, the cause upon appeal to revise or reverse your
judgment between


ELIZABETH JARRELL, Appellant



NO. 12-02-00096-CV and Tr. Ct. Case Number 55131CC



Opinion by Chief Justice Louis B. Gohmert, Jr.



BROOKSHIRE GROCERY COMPANY, Appellee



was determined; and therein our said Court made its order in these words:


 THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the
same being inspected, it is the opinion of this Court that there was no error in the judgment.


 It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court
below Be In All Things Affirmed and that all costs of this appeal are hereby adjudged against
the appellant, Elizabeth Jarrell, and that this decision be certified to the court below for
observance.


 WHEREAS, YOU ARE HEREBY COMMANDED to observe the foregoing order of said
Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things
have it duly recognized, obeyed, and executed.


 WITNESS, THE HONORABLE LOUIS B. GOHMERT, JR., Chief Justice of said Court
of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of
Tyler, this the ______ day of __________________, in the Year of our Lord 200_.


 CATHY S. LUSK, CLERK



 By:_______________________________

 Deputy Clerk