**Rodolfo MEZA, Appellant,**

v.

**HOOKER CONTRACTING CO., INC. and Alfredo Rodriguez, Appellee.**

No. 04–02–00459–CV.

Court of Appeals of Texas, San Antonio.

Jan. 15, 2003.

Darryl T. Watson, Bobbitt, Halter & Watson, San Antonio, for appellant.

H. Victor Thomas, Jackson Walker L.L.P., Houston, Stephen R. Fogle, Vanessa Rush, Jackson Walker, L.L.P., San Antonio, for appellee.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: SANDEE BRYAN MARION, Justice.

This appeal arises from the trial court's granting of summary judgment. On July 27, 2001, appellant Rodolfo Meza brought suit alleging that the negligence of appellees Alfredo Rodriguez and his employer, Hooker Contracting Co., Inc. proximately

caused an automobile accident that occurred on August 3, 1999. Approximately nine months after the suit was filed, appellees moved for summary judgment arguing that appellant failed to serve them within the statute of limitations period, which the trial court granted. In his sole issue on appeal, appellant argues that the trial court improperly granted summary judgment because a genuine issue of material fact exists on whether he exercised due diligence in his attempts to timely serve appellees. After a careful review of the record, we affirm the trial court's judgment.

### STANDARD OF REVIEW

■ A defendant may move for a summary judgment based on an affirmative defense, such as limitations, but in doing so he must prove conclusively all elements of the affirmative defense as a matter of law such that there is no genuine issue of material fact. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex. 1984); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery*, 669 S.W.2d at 311. Every reasonable inference from the evidence will be indulged in favor of the nonmovant, and any doubts will be resolved in their favor. *Nixon*, 690 S.W.2d at 549; *Montgomery*, 669 S.W.2d at 311. The movant asserting the expiration of the statute of limitations assumes the burden of showing that, as a matter of law, the suit is barred by limitations and no fact issues exist. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983).

■ If a defendant shows that service occurred after the limitations deadline, the burden shifts to the plaintiff to explain the

delay. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex.1990). The plaintiff's evidence must explain every period of delay. *See Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex.1990). Once the plaintiff presents an explanation, the burden shifts back to the defendant to show why those explanations are insufficient as a matter of law. *Belleza–Gonzalez v. Villa*, 57 S.W.3d 8, 11 (Tex.App.—houston [14th Dist.] 2001, no pet.).

### DISCUSSION

Appellant argues that the trial court erred in granting summary judgment because he raised a genuine issue of material fact on whether he exercised due diligence in serving appellees. Appellant contends that he used due diligence because he had an express oral agreement with a representative from Federated Mutual Insurance Company, appellees' insurance carrier, to forego service until the insurance company had an opportunity to review and evaluate his claim. Appellant argues that he properly relied on this agreement, and once he became aware of appellees' breach of the agreement, he promptly served them. In response, appellees dispute whether there was an agreement and argue that even if there was such an oral agreement between appellant and Shofner, it is unenforceable because it does not comply with Rule 11 of the Texas Rules of Civil Procedure. Appellees argue, therefore, that appellant cannot rely on the alleged oral agreement to prove due diligence and that summary judgment was properly granted based on the issue of statute of limitations.

■ The limitations period for a personal injury cause of action is two years. TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 2002). In order to "bring suit" within the statute of limitations period, a plaintiff must both file suit within the ap-

plicable time period and exercise due diligence in serving the defendant with citation. *Gant,* 786 S.W.2d at 260; *Rodriguez v. Tinsman & Houser, Inc.,* 13 S.W.3d 47, 49 (Tex.App.-San Antonio 1999, pet. denied). When a plaintiff files suit within the limitations period, but fails to serve the defendant until after the statutory period has expired, the date of service may relate back to the date of filing if the plaintiff exercised diligence in effecting service. *Gant,* 786 S.W.2d at 260.

Due diligence requires that the plaintiff exercise "that diligence to procure service which an ordinary [sic] prudent person would have used under the same or similar circumstances." *Gonzalez v. Phoenix Frozen Foods, Inc.,* 884 S.W.2d 587, 590 (Tex.App.-Corpus Christi 1994, no writ.). It also requires that the plaintiff act diligently up to the time the defendant is actually served. *Hodge v. Smith,* 856 S.W.2d 212, 215 (Tex.App.-Houston [1st Dist.] 1993, writ denied). Although the existence of due diligence is usually a fact question, the lack of diligence will be found as a matter of law if no excuse for lack of service is offered, or if the lapse of time and the plaintiff's acts, or inaction, conclusively negate diligence. *Rodriguez,* 13 S.W.3d at 49; *see Hodge,* 856 S.W.2d at 215. Stated differently, lack of diligence can be found even in the face of an offered explanation, if that explanation affirmatively established lack of reasonable diligence. *Rodriguez,* 13 S.W.3d at 49.

Here, appellant filed suit within the limitations period but did not serve or make any attempt to serve the appellees until approximately eight months after the limitations period expired. Appellant claims that the eight month delay in serving process should be excused because of an alleged oral agreement between him and Shofner. Appellant relies on an affidavit from his trial counsel, Darryl T. Wat-

son, the pertinent portions of which read as follows:

> [a]t or near the time of said lawsuit was filed, I . . . contacted by telephone Ms. Carolyn Shofner of Federated Mutual Insurance Company, advising her that the lawsuit was filed. Ms. Shofner had advised on several occasions prior to the filing of the lawsuit and on at least two (2) occasions subsequent to the filing of said lawsuit that she wanted an opportunity to review Plaintiff's medical records and to evaluate the claim prior to incurring the expense of retaining defense counsel. It was my opinion that it was in the best interests of all parties to attempt to resolve the claim without the necessity or expense of protracted litigation. I agreed with Ms. Shofner and stated that I would prefer she be able to evaluate the claim prior to obtaining service upon the Defendants.
>
> * * *
>
> The understanding between me and Ms. Shofner is further evidenced by the conduct of the parties. I, in accordance with Ms. Shofner's request and our understanding, postponed obtaining service upon both Defendants. In addition, Ms. Shofner visited my office unannounced on at least two (2) occasions subsequent to the lawsuit being filed and had several communications with me subsequent to the filing of the lawsuit requesting copies of Plaintiffs [sic] medical records. . . .

Appellant argues that once he learned that appellees had not honored the alleged agreement to postpone service and retained counsel, he immediately served them. We hold that appellant's reliance on the alleged oral agreement is misplaced because he did not comply with Rule 11.

Rule 11 provides that "[u]nless otherwise provided in these rules, no

agreement between attorneys or parties touching any suit pending will be enforced unless in writing, signed and filed with the papers as part of the record; or unless it be made in open court and entered of record." TEX.R. CIV. P. 11. Unless the specific requirements of Rule 11 are met, no agreements between attorneys or parties are enforceable. *London Mkt. Cos. v. Schattman*, 811 S.W.2d 550, 552 (Tex.1991) (orig.proceeding). Accordingly, when an agreement between attorneys or parties delays an appellant from obtaining service on appellees, that agreement must meet the requirements of Rule 11. *Belleza–Gonzalez*, 57 S.W.3d at 12; *Allen v. City of Midlothian*, 927 S.W.2d 316, 320 (Tex. App.-Waco 1996, no writ). In this case, appellant and Shofner allegedly struck an agreement on delaying service, but the agreement was never reduced to writing. Once the suit was filed, this alleged agreement became one that touched on the pending suit and in order to establish due diligence, appellant had to meet the requirements of Rule 11 by reducing the agreement to writing. Failing to do so, appellant is now precluded from relying on the "oral agreement" to show that he exercised due diligence in his obligation to timely serve the petition on appellees. Accordingly, we hold that summary judgment was properly granted, and we overrule appellant's sole issue on appeal.

### CONCLUSION

We affirm the trial court's judgment.