Opinion issued February 17, 2005













     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00229-CV




RAYMOND B. LEWIS AND REBECCA LEWIS, Appellants

V.

AAA FLEXIBLE PIPE CLEANING COMPANY, INC.
AND DENNIS BRIAN MANN, Appellees




On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2003-20,360




MEMORANDUM OPINION

          This is a negligence claim arising out of a motor vehicle collision. Appellants,
Raymond and Rebecca Lewis, contend that the trial court erred in granting summary
judgment in favor of appellees, Dennis Brian Mann and AAA Flexible Pipe Cleaning
Company, Inc. (“AAA”), on the basis of appellees’ statute-of-limitations defense.
          We affirm.
BACKGROUND
          On April 18, 2001, Mann, driving a truck belonging to his employer, AAA,
collided with a car operated by appellant, Raymond Lewis. Raymond sustained
significant personal injury. 
          On April 17, 2003, the Lewises filed suit against Mann, alleging negligent
operation of the truck, and against AAA, alleging vicarious liability. However, the
Lewises never sought service of citation on either Mann or AAA, on their original
petition. The Lewises allege that this was due to an oral agreement between the
parties to postpone litigation until Raymond’s surgeries were complete, so that the
full extent of his medical issues could be ascertained. 
          In July 2003, the Lewises’ counsel, Bartholomew Okonkwo, learned that he
had been administratively suspended from the practice of law. On or about
September 1, 2003, substitute counsel, Yvonne Okonkwo, was found.
          On September 12, 2003, the trial court dismissed the suit for want of
prosecution. On September 22, 2003, Yvonne Okonkwo filed her notice of
appearance as the attorney of record and a motion to reinstate the suit, “seeking an
additional sixty days to enable both sides to engage in serious negotiations . . . . In the
alternative, to be given an opportunity to serve the defendant and hopefully proceed
to negotiations.” The trial court reinstated the suit on October 3, 2003. 
          On October 28, 2003, the Lewises filed a First Amended Original Petition and
made their first request for service of citation on Mann and AAA. Service was
effectuated on Mann and AAA on October 31, 2003. 
          On November 18, 2003, Mann and AAA filed an original answer and a motion
for summary judgment on the ground that the limitations period had expired. On
December 15, 2003, the trial court granted Mann and AAA summary judgment on
their limitations defense due to the Lewises’ lack of diligence in serving citation.
ANALYSIS
          The Lewises raise several contentions that are cognizable as a single claim that 
the trial court erred in granting summary judgment in favor of AAA and Mann based
on the statute of limitations defense.
A.      Standard of Review
          We review a trial court’s granting of a summary judgment de novo. Natividad
v. Alexis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). A summary judgment under Rule
of Civil Procedure 166a(c) is properly granted only when a movant establishes that
there are no genuine issues of material fact and that he is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548 (Tex. 1985). A defendant moving for summary judgment must either (1)
disprove at least one element of the plaintiff’s cause of action, or (2) plead and
conclusively establish each essential element of an affirmative defense to rebut
plaintiff’s cause. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995). In deciding
whether there is a disputed material fact precluding summary judgment, every
reasonable inference must be indulged in favor of the non-movant and any doubts
resolved in its favor. Tex. R. Civ. P. 166a; Nixon, 690 S.W.2d at 549. 
B.      Statute of Limitations 
          The statute of limitations is an affirmative defense. Tex. R. Civ. P. 4. To
recover, a defendant must show when the plaintiff’s cause of action accrued, show the
applicable limitations period, and show that the plaintiff failed to properly bring suit
prior to the expiration of that period. See Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex.
1972). Hence, to recover on their tort claims arising April 18, 2001, the Lewises must
have brought suit no later than April 18, 2003. Tex. Civ. Prac. & Rem. Code Ann.
§ 16.003 (Vernon 2002) (suit on personal injury claim must be brought within two
years of date the cause of action accrued). 
          Properly bringing suit within the limitations period requires both filing a
petition within the statutory period and effectuating service of citation on the
defendant within the statutory period. Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex.
1990). It is undisputed that the Lewises filed their petition within the limitations
period, on April 17, 2003, but that no service of citation was requested on that date
or before the limitations period expired. When a petition is filed within the
limitations period, but service does not occur until after the statutory period has
expired, the suit is time-barred unless the petitioner can show that diligence was
exercised in effectuating service. Id. If due diligence is shown, the date of service
will relate back to the date of the filing of the petition. Id.
          Generally, whether due diligence was exercised is a fact question determined
by a two-prong test: (1) whether the plaintiff acted as an ordinarily prudent person
would have acted under similar circumstances and (2) whether the plaintiff acted
diligently up until the time when service was effectuated. Taylor v. Thompson, 4
S.W.3d 63, 65 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). A lack of
diligence will be found as a matter of law if no valid excuse is offered or if the
plaintiff’s actions and the lapse of time conclusively negate diligence. Id.; see
Webster v. Thomas, 5 S.W.3d 287, 289 (Tex. App.—Houston [14th Dist.] 1999, no
pet.).
          In sum, in order to obtain summary judgment on the basis that the statutory
limitations period was not met, the movant must show that diligence was not used in
effectuating service, as a matter of law. Zale Corp. v. Rosenbaum, 520 S.W.2d 889,
891 (Tex. 1975). 
C.      Diligence in Service of Citation
          It is undisputed that the action accrued on April 18, 2001 and that the Lewises
filed suit on April 17, 2003, the day before the statute of limitations would have
barred their claim. In addition, it is undisputed that the Lewises did not request
service on Mann or AAA on their original petition. The Lewises’ counsel was
administratively suspended in July 2003. Substitute counsel, Yvonno Okonkwo, took
over the Lewises’ case on or about September 1, 2003. The trial court dismissed the
case for want of prosecution on September 12, 2003. On September 22, 2003,
Yvonne Okonkwo filed her notice of appearance and moved to reinstate the suit. The
trial court reinstated the suit on October 3, 2003. The Lewises then filed an amended
petition and requested service on the amended petition on Mann and AAA on October
28, 2003. Mann and AAA were served on October 31, 2003. Hence, when Mann and
AAA moved for summary judgment on November 18, 2003, the record showed that
the Lewises had delayed in issuing service of citation for 6 months beyond the date
they initially filed suit and for 6 months beyond the expiration of the statutory
limitations period.


 This delay established that the Lewises failed to properly bring
suit within the statutory period. See Gant, 786 S.W.2d at 260.
          The burden then shifted to the Lewises to explain each period of delay. 
Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 830 (Tex. 1990); Gant, 786
S.W.2d at 260. The Lewises contend that their delay in effectuating service at the
time they filed their petition in April 2003 was due to the existence of an oral
agreement between the parties that suit would be filed, but that litigation would not
be further pursued until after Raymond Lewis’s surgeries were complete, so that the
full extent of his damages could be ascertained. The proof offered of such agreement
is solely the Lewises’ assertion in their September 2003 motion to re-instate that
alleged “this case was filed on April 18, 2003, with an understanding that the parties
will attempt negotiated settlement.” Mann and AAA presently deny such agreement. 
          Concerning the period thereafter, the Lewises assert that the “parties kept in
touch” throughout June and July concerning Raymond’s condition. Then, in July
2003, the Lewises realized that Raymond’s medical condition would take more time
to determine, so they decided to serve Mann and AAA to avoid being dismissed for
want of prosecution. However, service was delayed again due to the administrative
suspension of their counsel. Substitute counsel, Yvonne Okonkwo, took over the
case on or about September 1, 2003. On September 12, 2003, the trial court
dismissed the suit for want of prosecution. On September 22, 2003, Yvonne
Okonkwo filed her notice of appearance as the attorney of record and moved to
reinstate the suit, “seeking an additional sixty days to enable both sides to engage in
serious negotiations . . . . In the alternative, to be given an opportunity to serve the
defendant and hopefully proceed to negotiations.” The Lewises contend that the trial
court impliedly found good cause for the delays because it granted the reinstatement
on October 3, 2003. The Lewises then filed a First Amended Original Petition and
made their first request for service of process on October 28, 2003. Service was
effectuated on Mann and AAA on October 31, 2003. The Lewises contend that these
events demonstrate their diligence and explain their delay in serving citation.
          Once the Lewises show an explanation, the burden shifts back to Mann and
AAA to show why those explanations are insufficient as a matter of law. See Carter
v. MacFadyen, 93 S.W.3d 307, 313 (Tex. App.—Houston [14th Dist.] 2002, pet.
denied). Mann and AAA contend that the explanations are insufficient because there
was no agreement to postpone service and the Lewises have produced no evidence
of the alleged oral agreement. Indeed, Rule 11 provides that “no agreement between
attorneys or parties touching any suit pending will be enforced unless it be in writing,
signed, and filed with the papers as part of the record, or unless it be made in open
court and entered of record.” Tex. R. Civ. P. 11. There is no evidence that the
agreement was reduced to writing or made in open court. While the Lewises made
a bare statement that an agreement existed in their motion to reinstate, there remains
no evidence that it was an agreement to postpone service. 
          Not every explanation raises a fact issue about diligence, thereby precluding
summary judgment. See Rodriguez v. Tinsman & Houser, Inc., 13 S.W.3d 47, 50
(Tex. App.—San Antonio 1999, pet. denied). A plaintiff’s duty to use diligence
continues from the date suit is filed until the date service on the defendant is
effectuated. Taylor, 4 S.W.3d at 65. Here, the Lewises concede that they failed to
request service when they filed suit, the day before the limitations period expired, in
addition to allowing six months to pass before requesting such service. We conclude
that this constitutes a lack of due diligence as a matter of law. See Clemons v.
Denson, 981 S.W.2d 941, 946 (Tex. App.—Houston [1st Dist.] 1999, pet. denied)
(recognizing that this Court has previously held that “an unexplained delay for a
period of six and one-half months is, as a matter of law, not due diligence in
procuring” service of citation); see also Cooke v. Maxam Tool and Supply, Inc., 854
S.W.2d 136, 140 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (concluding
that appellants’ “failure to request service at all, combined with the lapse of six
months before requesting service, shows a lack of due diligence as a matter of law”). 
          In addition, Mann and AAA contend that Okonkwo admitted in an affidavit to
the trial court that he intended to attempt service in July 2003, and that this
establishes that the Lewises knew they needed to request service at that time. 
Okonkwo asserts that service was then delayed because he was “diligently look[ing]
for his replacement.” However, it was not until September 2003, that he arranged for
Yvonne Okonkwo—an attorney in his office—to take over representation of the
Lewises.
          Even if there initially had been an agreement to postpone service, there is a
three-month gap, from July through September, for which no explanation is offered. 
See Gant, 786 S.W.2d at 260 (noting that Texas courts hold due diligence lacking as
a matter of law based on unexplained shorter periods of time); see also Rodriguez,
S.W.2d at 48, 51-52 (concluding delay of one month between filing of suit and
service of process constitutes lack of diligence). Here, there are no efforts from which
to evaluate the reasonableness or diligence. See Rodriguez, 13 S.W.3d at 51. Hence,
summary judgment was proper because no genuine issue of fact is raised. Id.
          We conclude that the suit was barred by the expiration of the limitations period
and was not tolled by diligence in effectuating service of citation. We hold that the
trial court properly granted summary judgment.
          Appellants’ sole issue is overruled.
 
 
 
 
 
CONCLUSION
          Having determined that the trial court properly granted summary judgment
because the Lewises failed to serve Mann and AAA with citation on their original
petition, within the limitations period, and then failed to exercise continued due
diligence in effectuating service, we affirm the trial court’s judgment.




                                                             Laura Carter Higley 
                                                             Justice
 
Panel consists of Chief Justice Radack, and Justices Higley and Bland.