MEMORANDUM OPINION


No. 04-04-00655-CV

Charles BUTLER,
Appellant

v.

Tanya DAVIS,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CI-15783
Honorable Michael P. Peden, Judge Presiding
 
Opinion by:    Alma L. López, Chief Justice
 
Sitting:            Alma L. López, Chief Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   April 6, 2005

AFFIRMED
            Charles Butler sued Tanya Davis for damages arising out of an automobile accident. The
accident occurred on October 5, 2001, and the lawsuit was filed on October 3, 2003. Davis moved
for summary judgment based on limitations asserting that Butler had failed to use due diligence in
serving her. Butler did not file a response to the motion. The trial court granted summary judgment
in Davis’s favor and subsequently denied Butler’s motion for new trial. On appeal, Butler contends
that the trial court abused its discretion in denying his motion for new trial. Because the issue in this
appeal involves the application of well-settled principles of law, we affirm the trial court’s judgment
in this memorandum opinion. See Tex. R. App. P. 47.4.
            In his brief, Butler erroneously asserts that the trial court abused its discretion in denying his
motion for new trial without a hearing. Our files contain a reporter’s record from the hearing on the
motion for new trial. With regard to the absence of Butler’s counsel, the trial court clerk, who was
duly sworn, testified that Butler’s attorney had called and said “he didn’t have anybody else to cover
the hearing and for you to proceed in getting an order entered and that he would just file a notice of
appeal or whatever else he needed to do.” At the conclusion of the hearing, the trial court denied the
motion.
            The denial of a motion for new trial is generally reviewed under an abuse of discretion
standard. Washington v. McMillan, 898 S.W.2d 392 (Tex. App.—San Antonio 1995, no pet.). An
abuse of discretion will only be found when the trial court’s action is arbitrary, unreasonable, or
without reference to guiding rules and principles. Id. Because Butler did not file a response to
Davis’s summary judgment motion, the guiding rules and principles are those set forth in Craddock
v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124 (1939); Washington, 898 S.W.2d at 395-96. 
Applying Craddock, “[t]he trial court abuses its discretion in denying a motion for new trial if the
non-movant establishes: (1) ‘the failure of the defendant to answer before judgment was not
intentional, or the result of conscious indifference on his part, but was due to mistake or an accident’;
(2) ‘the motion for a new trial sets up a meritorious defense’; and (3) the motion ‘is filed at a time
when the granting thereof will occasion no delay or otherwise work an injustice to the plaintiff.’” 
Washington, 898 S.W.2d at 395 (quoting Craddock, 133 S.W.2d at 126).
            In this case, the trial court sustained Davis’s objections with regard to the affidavit of Butler’s
attorney that Butler relies on to set up a meritorious defense. In his brief, Butler does not challenge
the trial court’s ruling sustaining the objections; consequently, we cannot consider the affidavit in
our review. See Brooks v. Tex-Pack Exp., L.P., No. 05-03-01220-CV, 2004 WL 2211714, at *1
(Tex. App.—Dallas Sept. 22, 2004, no pet.) (refusing to consider affidavits on appeal that were
stricken by trial court where appellant did not challenge the trial court’s evidentiary ruling). Because
Butler presented no other evidence to set up a meritorious defense, the trial court did not abuse its
discretion in denying the motion for new trial.
            Even if this court were to consider the affidavit of Butler’s attorney, we would not conclude
that the trial court abused its discretion in denying the motion for new trial. “Bringing suit” within
a limitations period involves both filing a petition within the applicable time period and exercising
due diligence in serving the defendant with citation. Rodriguez v. Tinsman & Houser, Inc., 13
S.W.3d 47, 49 (Tex. App.—San Antonio 1999, pet. denied). Therefore, when the plaintiff files a
petition within the limitations period, but fails to serve the defendant until after the statutory period
has run, the suit is time-barred unless it is shown that the plaintiff exercised diligence in effecting
service. Id. A defendant seeking summary judgment because the plaintiff was not diligent in serving
process must show that the plaintiff was not diligent in effecting service as a matter of law. Id. In
general, whether the plaintiff exercised diligence in obtaining service is a question of fact; however,
when no valid excuse for the delay is offered or when the time lapses and the plaintiff’s acts or
inaction conclusively negate diligence, a lack of diligence will be found as a matter of law. Id.
            In this case, Butler’s cause of action accrued on October 5, 2001. Butler filed his original
petition on October 3, 2003, two days prior to the expiration of the limitations period. Butler’s
attorney did not obtain the citation from the district clerk’s office until November 26, 2003, an
unexplained lapse of almost two months. On the same day, Butler’s attorneys allegedly obtained an
order allowing them to proceed with substitute service “via personal service, by certified mail, return
receipt requested, or in such manner as the Court finds will be reasonably effective to give the
Defendants notice of this suit by anyone over the age of eighteen (18), and not a party to or interested
in the outcome of this cause.”


 Nevertheless, the substitute service was not completed until March
29, 2004, when the officer’s return shows that he delivered the citation to Sheila Ellis, an employee
who handles claims for Tanya’s insurer Mid-Century Insurance Company. Butler’s attorney stated
that the delay from November 26, 2003 through March 29, 2004, is explained by his inability to
locate Davis’s address. Davis’s affidavit, however, states that she has continually resided at the
address listed in the police report, which Butler’s attorney acknowledged having. Furthermore, the
delivery receipt for the certified mailing to Ellis is signed by someone other than Ellis, and Ellis
states in her affidavit that she is not permitted to accept service of citation on behalf of Mid-Century’s insured. In view of the lapses of time and the absence of a valid excuse for the delay, the
trial court did not abuse its discretion in determining that limitations barred Butler’s claim as a
matter of law.
            The trial court’s judgment is affirmed.
Alma L. López, Chief Justice