

# NUMBER 13-20-00185-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

VERONICA ACOSTA,                                                            Appellant,

v.

NATHANIEL MARTINEZ,                                                        Appellee.

### On appeal from the 111th District Court
### of Webb County, Texas.

## MEMORANDUM OPINION

**Before Justices Hinojosa, Tijerina, and Silva**
**Memorandum Opinion by Justice Tijerina**

Appellant Veronica Acosta appeals the trial court's granting of summary judgment

in favor of appellee Nathaniel Martinez based on a limitations defense. By four issues,

Acosta argues the trial court erred in granting the motion because: (1) it considered

evidence outside the record; (2) the district clerk failed to comply with Texas Rules of Civil

Procedure Rule 99; and (3–4) her diligence in obtaining citation was a material fact issue

precluding summary judgment. We affirm.[1]

## I. BACKGROUND

On August 30, 2019, Acosta sued Martinez seeking damages for injuries she sustained in a motor vehicle accident that occurred on September 28, 2017. On September 4, 2019, the district clerk issued citation but held citation pending additional copies of the petition from Acosta. On November 15, 2019, Acosta mailed the requested copies to the district clerk. Ten days later, the district clerk mailed citation to Acosta, and Acosta served Martinez with process on December 3, 2019. On December 20, 2019, Martinez filed a response generally denying Acosta's claim and asserting the statute of limitations barred Acosta's claims against him as a matter of law.

On February 3, 2020, Martinez filed a motion for summary judgment. Martinez asserted that Acosta failed to timely serve him with suit; therefore, Acosta's claims are subject to the two-year statute of limitations and should be dismissed with prejudice as she did not timely file suit within that time. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (explaining that in general, a plaintiff must bring a personal-injury claim within two years of "day the cause of action accrues"). To support his motion, Martinez attached the following: (1) Acosta's original petiton, (2) the court clerk's register of actions; (3) a civil process request form; (4) a letter dated November 15, 2019 from Acosta to the district clerk requesting that the district clerk mail citation and the additional copies as requested

---

[1] This appeal was transferred to this Court from the Fourth Court of Appeals in San Antonio by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001.

by the clerk's offie; (5) an affidavit of service affirming process of service on December 3, 2020; (6) his response and general denial; and (7) requests for admissions and objections.

Acosta responded asserting that summary judgment is improper because Martinez failed to prove that Acosta was not diligent in obtaining service on him. She attached an affidavit from her counsel's paralegal wherein he averred that he contacted the district clerk's office on at least two occasions between September 4, 2019, and November 25, 2019, requesting status of citation. Martinez responded stating that Acosta failed to provide the district clerk the necessary copies to serve him with process, and as a result, lacked due diligence as a matter of law. Following a hearing, the trial court granted Martinez's summary judgment. This appeal followed.

## II.    SUMMARY JUDGMENT

We address Acosta's third and fourth issues first because they are dispositive. Acosta argues the trial court erred in granting Martinez's summary judgment motion because her diligence in obtaining a certificate from the district clerk was a material fact issue precluding summary judgment, and she acted reasonably under the circumstances.

### A.    Standard of Review

We review the trial court's grant of a motion for summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In reviewing either a no-evidence or traditional summary judgment motion, we must take as true all evidence favorable to the nonmovant and draw every reasonable inference and

3

resolve all doubts in favor of the nonmovant. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam).

The party moving for a traditional summary judgment has the burden to show that no genuine issue of material fact exists, and the movant is entitled to summary judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Willrich*, 28 S.W.3d at 23. To be entitled to traditional summary judgment, a defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 434 (Tex. 1997). "Evidence is conclusive only if reasonable people could not differ in their conclusions." *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). Where, as here, "the trial court's order does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

**B.      Applicable Law**

The statute of limitations for a negligence suit is two years. *See* TEX. CIV. PRAC. & REM. CODE ANN § 16.003(a). "[A] timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation." *Proulx*

4

*v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam). "If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing." *Id.* "[O]nce a defendant has affirmatively ple[a]d[ed] the limitations defense and shown that service was effected after limitations expired, the burden shifts to the plaintiff 'to explain the delay.'" *Id.* at 216 (quoting *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990)). "[I]t is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Id.* "[I]f the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient." *Id.*

To assess diligence, the relevant inquiry is whether Acosta acted as an ordinarily prudent person would have acted under similar circumstances and was diligent up until the time Martinez was served. *See id.* "[T]he question of the plaintiff's diligence in effecting service is one of fact, and is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Id.* However, "the plaintiff's explanation of its service efforts may demonstrate a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable." *Id.*

## C.    Discussion

In this case, the following facts are undisputed: (1) The accident occurred on September 28, 2017; (2) Acosta sued Martinez on August 30, 2019—one month before

5

the limitations period expired; and (3) service was not successfully completed until December 3, 2019—sixty-six days after the statute of limitations period had run, and three months after Acosta filed suit. Thus, following Martinez's motion for summary judgment, the burden shifted to Acosta to demonstrate she acted with with due diligence in her attempt to serve Martinez and of presenting evidence explaining the delay in service. *See id.* at 215.

First, Acosta asserts that the delay in serving Martinez was not caused by her but by "the failure of the District Clerk to notify [Acosta] that the citation was ready for service." Specifically, she claims that citation was in possession of the district clerk, and because citation was not in her possession, there exists a fact issue as to whether her actions were diligent in serving Martinez. To support her contention, Acosta references the register of actions document attached to Martinez's summary judgment motion. According to this document, the district clerk issued two citations on September 3, 2019, but "held" the issuance "pending copies." The evidence provides that Acosta thereafter mailed the requested copies to the district clerk on November 15, 2019—over one month later.

According to the rules of civil procedure, "[t]he party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition." TEX. R. CIV. P. 99(a); *Boyattia v. Hinojosa*, 18 S.W.3d 729, 734 (Tex. App.—Dallas 2000, pet. denied) ("[W]hen a party learns, or by the exercise of diligence should have learned, that the clerk has failed to fulfill his duty under rule 99, it is incumbent upon the party to ensure that the job is done."). Thus, it was Acosta's responsibility—not the district clerk's—to obtain

6

service of the citation on Martinez, and "[t]his responsibility extends to seeing that service is properly reflected in the record." *Creaven v. Creaven*, 551 S.W.3d 865, 873 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *TAC Americas, Inc. v. Boothe*, 94 S.W.3d 315, 322 (Tex. App.—Austin 2002, no pet.). As a result, we reject Acosta's assertion that the failure to serve Martinez was a direct result of the district clerk's errors.

Next, Acosta claims she acted as a reasonably prudent person would have under the circumstances, but she makes this assertion without citation to legal authority and without explaining how that authority applies to the facts here. *See* TEX. R. APP. P. 38.1(i). Instead, she asserts that her counsel's paralegal called the district clerk's office at least twice requesting citation status. *See Proulx,* 235 S.W.3d at 215 (providing that it is the plaintiff's burden to explain every lapse in effort or period of delay). However, an inquiry of status is not an explanation for an approximately three-month delay in procuring a citation. According to the Fourth Court of Appeals, "[a]n invalid explanation of delay, like no explanation for delay, constitutes lack of diligence as a matter of law." *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 51 (Tex. App.—San Antonio 1999, pet. denied); *see Proulx*, 235 S.W.3d at 216 (holding "patently unreasonable" explanations for delay "demonstrate a lack of due diligence as a matter of law"). "It matters not, therefore, that service in the instant case was accomplished within a relatively short of time after the expiration of the limitations period." *Rodriguez,* 13 S.W.3d at 51; *Roberts v. Padre Island Brewing Co.*, 28 S.W.3d 618, 621 (Tex. App.—Corpus Christi–Edinburg 2000, pet. denied) (rejecting appellant's argument that she exercised diligence by repeatedly

attempting to contact the district clerk's office to inquire about the status of service); *Holt v. D'Hanis State Bank*, 993 S.W.2d 237, 241 (Tex. App.—San Antonio 1999, no pet.) (stating that "unexplained delay constitutes a lack of due diligence as a matter of law"); *see also Richard v. Turner*, No. 13-08-00015-CV, 2009 WL 2712393, at \*2 (Tex. App.— Corpus Christi–Edinburg Aug. 31, 2009, pet. denied) (mem. op.) (concluding that the record established lack of due diligence as matter of law and noting that plaintiff failed to provide specific dates regarding service efforts).

Furthermore, the summary judgment evidence provides that Acosta failed to provide the district clerk with the required number of copies in order to effect service. *See Rodriguez*, 13 S.W.3d at 49 ("An offered explanation must involve diligence to seek service of process."). Because Acosta had the duty and ultimate responsibility "to ensure that service actually took place," *Tarrant County v. Vandigriff*, 71 S.W.3d 921, 926 (Tex. App.—Fort Worth 2002, pet. denied), we reject her argument that "the trial court incorrectly placed an unreasonable diligence burden on [her] by holding [her] responsible for the district clerk's official mistake." *See* TEX. R. CIV. P. 99(a); *Boyattia*, 18 S.W.3d at 734 (providing that a plaintiff "who wholly ignores her duty to have the citation served on the defendant during a lengthy period of time [in which] the citation remains with the clerk does not manifest a bona fide intention to have process served").

As Acosta did not exercise due diligence in ensuring that service actually took place, "the lawsuit is deemed filed on the date of service." *Holt*, 993 S.W.2d at 241; *see Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam) (providing that "bring[ing]

8

suit" within a limitations period involves both filing a petition within the applicable time period and exercising due diligence in serving the defendant with citation). We conclude that the evidence presented to the trial court established, as a matter of law, that Acosta failed to use diligence in procuring the citation and effecting service on Martinez. *See Keller*, 168 S.W.3d at 816; *Rodriguez,* 13 S.W.3d at 51 (upholding summary judgment because plaintiff's explanation that service was delayed for twenty-five days out of professional courtesy was not sufficient); *Sharp v. Kroger Tex., L.P.*, 500 S.W.3d 117, 121 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (concluding that unilaterally waiting to serve a defendant with citation during settlement negotiations for over five months negated due diligence as a matter of law); (*Perkins v. Groff*, 936 S.W.2d 661, 668 (Tex. App.—Dallas 1996, writ denied) (upholding summary judgment based on expiration of limitations because the plaintiff failed to explain eighteen-day delay between expiration of limitations and service); *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex. App.—Corpus Christi–Edinburg 1991, no pet.) (holding that the issuance and service of citation until over five months after the expiration of limitations negated due diligence); *see also Plantation Prod. Props., L.L.C. v. Meeks*, No. 10-02-00029-CV, 2004 WL 2005445, at *6 (Tex. App.—Waco Sept. 8, 2004, no pet.) (mem. op.) (stating that "[i]t is not unusual, given the circumstances of individual cases, for a two-month delay to be considered unreasonable"); *Rojas v. CitiMortgage, Inc.*, No. 13-16-00257-CV, 2017 WL 4054397, at *5 (Tex. App.—Corpus Christi–Edinburg Sept. 14, 2017, no pet.) (mem. op.) (holding that the plaintiff failed to carry its burden as a matter of law where it failed to explain the thirty-

six-day delay between filing suit and obtaining service, even though service was completed eight days after the passing of limitations). Accordingly, we hold that the trial court did not err in granting summary judgment in favor of Martinez. *See Grinnell*, 951 S.W.2d at 425. We overrule Acosta's third and fourth issues.[2]

### III.  CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
3rd day of February, 2022.

---

[2] Because these issues are dispositive, we need not address Acosta's remaining issues. *See* TEX. R. APP. P. 47.1.

10