Larry **TRANTER**, Appellant,

v.

Ellen K. **DUEMLING**, Appellee.

No. 08–03–00044–CV.

Court of Appeals of Texas, El Paso.

Feb. 26, 2004.

Jose Montes, Jr., Jose Montes, Jr., P.C., El Paso, for Appellant.

Steven L. Hughes, Mounce, Green, Myers, Safi & Galatzan, El Paso, for Appellee.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## *OPINION*

SUSAN LARSEN, Justice.

Larry Tranter sued Ellen K. Duemling for personal injuries arising from a car accident. Duemling filed a motion for summary judgment, arguing that the suit was barred by the applicable statute of limitations because Tranter failed to exercise due diligence in serving her. The trial court granted the motion, and Tranter appeals. We reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

The accident giving rise to this suit occurred on October 15, 1999. Tranter filed his original petition on October 15, 2001.

An order authorizing service and a citation issued on October 16, 2001. Duemling was served with process on January 17, 2002.

In her summary judgment motion, Duemling asked the trial court to take judicial notice of the 2001 phone book published by Southwestern Bell. Attached to the motion was an undated page from a phone book, showing a listing for "Duemling E" at 5940 Deer Avenue. This is the only listing for a "Duemling" on the page.

Tranter attached to his summary judgment response an affidavit by his process server, Sergio Martinez. Martinez stated that Tranter's counsel gave him the address of "1000 Rushing # 168." On October 18, 2001, he discovered that 1000 Rushing # 168 does not exist. He looked for a "10000 Rushing # 168," but the apartments at that address only went up to 41. The next day, he contacted Tranter's counsel to request further information. On October 25, he decided that "10000 Rushing # 16" might be Duemling's address. He advised Tranter's counsel of the possible new address the next day. Martinez then attempted to serve Duemling at 10000 Rushing # 16 on October 29, November 6, November 14, November 20, and November 29. Each time there was no answer. On December 4, Martinez contacted the management of the apartment complex and learned that Duemling had moved without leaving a forwarding address. That same day, Martinez informed Tranter's counsel of his finding. From December 4 to December 27, Martinez checked various resources, including the phone company, the city directory, a city appraisal, a Fort Bliss liaison, driver's license records, and the post office. He eventually determined that 5940 Deer might be Duemling's new address. On December 27, Martinez informed Tranter's counsel of the possible new address. He then attempted to serve Duemling at 5940 Deer on January 5, January 9, and January 14, 2002. Each time there was no answer. On January 9, he checked with neighbors in the area, but they did not provide any information. On January 16, Martinez discovered that Duemling might be a teacher at Andress High School, so he contacted Tranter's counsel to advise him of a possible work address. On January 17, he served Duemling at Andress High School.

## DUE DILIGENCE AND SUMMARY JUDGMENT PROCEDURE

A person must "bring suit" for personal injuries within two years after the cause of action accrues. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 2002). To "bring suit" the plaintiff must not only file the petition within the two-year period, but must also use diligence in serving the defendant with process. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex.1990) (per curiam); *Eichel v. Ullah*, 831 S.W.2d 42, 43 (Tex.App.-El Paso 1992, no writ). When the plaintiff files his petition within the limitations period, but does not serve the defendant until after the period has expired, the date of service relates back to the date of filing only if the plaintiff exercised diligence in effecting service. *Eichel*, 831 S.W.2d at 43.

The two controlling factors in determining due diligence are: (1) whether the plaintiff acted as an ordinary prudent person would act under the same circumstances; and (2) whether the plaintiff acted diligently until the defendant was actually served. *Id.* at 44. Generally, whether the plaintiff exercised diligence is a fact question to be determined by a jury. *Id.* at 43. The question may be determined as a matter of law only if no valid excuse exists for the delay or if the lapse of time and the plaintiff's actions, or inaction, conclusively negate diligence. *Rodriguez v.*

*Tinsman & Houser, Inc.,* 13 S.W.3d 47, 49 (Tex.App.-San Antonio 1999, pet. denied); *Eichel,* 831 S.W.2d at 44.

We apply a *de novo* standard of review to summary judgments. *Bowen v. El Paso Elec. Co.,* 49 S.W.3d 902, 904 (Tex. App.-El Paso 2001, pet. denied). Summary judgment is proper only when the movant shows that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. *Shah v. Moss,* 67 S.W.3d 836, 842 (Tex.2001); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985); *Bowen,* 49 S.W.3d at 904; *see also* TEX.R. CIV. P. 166a(c). In reviewing a trial court's decision to grant summary judgment, we resolve all doubts against the movant and view the evidence in the light most favorable to the nonmovant. *Shah,* 67 S.W.3d at 842; *Bowen,* 49 S.W.3d at 904.

■ When the defendant bases a summary judgment motion on the statute of limitations, she must conclusively prove the elements of that affirmative defense. *Shah,* 67 S.W.3d at 842. Several supreme court opinions have created some confusion about how this standard applies when summary judgment is sought on the ground that the plaintiff failed to exercise due diligence in serving the defendant.

In 1975, the court stated that the party moving for summary judgment has the burden of conclusively establishing the bar of limitations and further held that when the nonmovant "pleads diligence in requesting issuance of citation, the limitation defense is not conclusively established until the movant meets his burden of negating the applicability of [this] issue[ ]." *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975). In 1990, however, the court

held in a summary judgment case, "When a defendant . . . has affirmatively pleaded the defense of limitations, and when failure to timely serve the defendant has been shown, the burden shifts to the plaintiff . . . to explain the delay." *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 830 (Tex.1990). Also in 1990, the court, citing *Zale,* held, "To obtain summary judgment on the grounds that an action was not served within the applicable limitations period, the movant must show that, as a matter of law, diligence was not used to effectuate service." *Gant,* 786 S.W.2d at 260.

■ These seemingly inconsistent statements can be reconciled by applying the following procedure. When the defendant moves for summary judgment and shows that service occurred after the limitations period expired, the burden shifts to the plaintiff to offer an explanation for the delay. *See Carter v. MacFadyen,* 93 S.W.3d 307, 313 (Tex.App.-Houston [14th Dist.] 2002, pet. denied); *see also Brown v. Shores,* 77 S.W.3d 884, 889–90 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (Brister, C.J., concurring) (noting that *Zale, Murray,* and *Gant* are arguably contradictory and suggesting what the proper procedure should be). This means only that the plaintiff must point to evidence that raises a fact issue on diligence. *Brown,* 77 S.W.3d at 889–90 (Brister, C.J., concurring). If the plaintiff satisfies this burden, the burden shifts back to the defendant to show why the explanation is insufficient as a matter of law. *Carter,* 93 S.W.3d at 313; *Brown,* 77 S.W.3d at 889 (Brister, C.J., concurring).[1]

TRANTER'S EVIDENCE RAISING A FACT ISSUE

■ The parties agree that Tranter's cause of action accrued on October 15,

---

1. In his concurring opinion in *Brown,* Chief Justice Brister explains that it is fair to place the initial burden of raising a fact issue on the plaintiff because the plaintiff is usually the party with most of the evidence relating to due diligence. 77 S.W.3d at 889–90.

1999 and that he filed his original petition on the last day before the limitations period expired. It is also undisputed that Duemling was not served with process until more than three months after the limitations period expired. Therefore, Tranter had the burden of raising a fact issue regarding his diligence in serving Duemling.

We conclude that Tranter satisfied this burden. An order authorizing service and a citation issued on October 16, 2001, the day after Tranter filed his original petition. This demonstrates that Tranter exercised diligence initially. *See Perry v. Kroger Stores Store No. 119*, 741 S.W.2d 533, 535 (Tex.App.-Dallas 1987, no writ).

Tranter also raised a fact issue as to whether he continued to act diligently until Duemling was served. Martinez's affidavit indicates that Tranter's counsel initially provided him with a nonexistent address.[2] Within ten days after Martinez received the citation, however, he had found another possible address for Duemling. Then, from October 29 to November 29, he unsuccessfully attempted to serve Duemling at that address five times at various times of day. On December 4, he learned from the management of the apartment complex that Duemling had moved without leaving a forwarding address. Because it thus appears that Duemling lived at that address at one time, one could infer that Martinez had a reasonable basis for attempting to serve her there.

Upon learning that Duemling had moved, Martinez spent slightly more than three weeks trying to determine another address for Duemling. His affidavit details the resources he used during this period. We also note that this period included the Christmas and Chanukah holidays. *See Harrell v. Alvarez*, 46 S.W.3d 483, 486 (Tex.App.-El Paso 2001, no pet.) (considering that the time between filing and service included Thanksgiving); *see also Cooper v. Balderas*, No. 08–00–00076–CV, 2001 WL 925772, at *5 (Tex.App.-El Paso Aug. 16, 2001, pet. denied) (not designated for publication) (considering the fact that Thanksgiving, Christmas, Chanukah, and New Year's Day occurred during a period in which the plaintiff offered no explanation for lack of efforts to serve the defendant).

Martinez notified counsel of a possible new address on December 27, and attempted to serve her there on January 5, 2002, shortly after the New Year's holiday. During a ten-day period, Martinez attempted service at the new address three times at various times of day. He even talked to neighbors in the area, but was unable to glean any information. On January 16, Martinez determined that Duemling might be a teacher at a particular high school. He notified counsel of the school's address and accomplished service the next day.

Martinez's affidavit shows constant efforts to serve Duemling from October 16 to January 17. There are no unexplained periods of inactivity. The affidavit also raises a fact question as to whether the efforts were reasonable.[3] The burden thus

---

2. At the summary judgment hearing, Tranter's counsel stated that the initial address provided to Martinez was incorrect because Duemling gave the wrong address to the accident investigator. However, there is no summary judgment evidence to support counsel's statement.

3. At the summary judgment hearing, Duemling's counsel mentioned that some of the information in Martinez's affidavit is hearsay. But Duemling did not make any written objections to the affidavit and she does not argue in her appellate brief that the affidavit contains hearsay. Therefore, it is irrelevant whether the affidavit contains hearsay. *See*

shifted to Duemling to establish that Tranter's efforts were insufficient as a matter of law.

### DUEMLING'S ATTEMPT TO ESTABLISH LACK OF DILIGENCE

Duemling argues that Tranter's efforts were nothing more than an "unexplained wild goose chase" because he "failed to let his fingers do the walking." This argument is premised on Duemling's contention that it is undisputed that the phone book contained only one listing for a "Duemling" when this suit was filed. She asserts that even though her address was in the phone book, Martinez wasted over two months attempting to serve her at an incorrect address provided by Tranter's counsel and at a similar address. Duemling also points out that process was finally served shortly after Martinez found the address listed in the phone book. We find Duemling's arguments unconvincing for a number of reasons.

We cannot agree that it is undisputed that Duemling's correct address was listed in the phone book when this suit was filed. First, there is nothing in the record to establish that the "Duemling E" who was listed in the phone book is the same person as the "Ellen K. Duemling" who is the defendant in this case.

Next, although Duemling's summary judgment motion requested the trial court to take judicial notice of the "2001 phone book published by Southwestern Bell," she only attached to her motion a single, undated page of a phone book containing a listing and address for "Duemling E." Tranter did not object to the taking of judicial notice. Assuming the trial court implicitly granted Duemling's request, of what fact did the court take judicial notice?

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." TEX.R. EVID. 201(b). A court must take judicial notice if a party requests the court to do so and supplies the court with "the necessary information." TEX.R. EVID. 201(d). The facts described by Rule 201(b)(1) are known as "notorious facts," and the facts described by Rule 201(b)(2) are known as "verifiably certain facts." *See* CATHY COCHRAN, TEXAS RULES OF EVIDENCE HANDBOOK 138–41 (5th ed.2003). No extrinsic information is required for judicial notice of notorious facts because, by their nature, they are well known. *See id.* at 149. But the party requesting judicial notice of a verifiably certain fact must generally provide the court with written material demonstrating the indisputability of the fact. *Id.* at 150.

The address of Ellen Duemling is certainly not a fact that is generally known within this jurisdiction. Therefore, Duemling was required to provide the necessary written information to show that her address was capable of accurate and ready determination while Tranter was attempting to locate her. But the single page from the phone book provided by Duemling shows, at most, what her listed address was at some undefined point in time. It does not show how her address was listed when this suit was filed. There is nothing in the record to show that the trial court went beyond the written information provided by Duemling to determine what her address was when this suit was

TEX.R. EVID. 802; *El Paso Assocs., Ltd. v. J.R. Thurman & Co.*, 786 S.W.2d 17, 19 (Tex.App.- El Paso 1990, no writ).

filed. *See* TEX.R. EVID. 201(c), (e) (allowing the court discretion to take judicial notice *sua sponte,* but granting the parties an opportunity to be heard "as to the propriety of taking judicial notice and the tenor of the matter noticed").[4]

Moreover, although an address in a phone-book listing may be some evidence of a person's address, it does not conclusively establish that the person lives at that address. *See Ray v. O'Neal,* 922 S.W.2d 314, 317–18 (Tex.App.-Fort Worth 1996, writ denied).[5] Duemling suggests that the address listed in the phone book must have been correct because Martinez served her shortly after he found that address. But Martinez was never able to accomplish service at the address listed in the phone book; he eventually found her at her work address. There is nothing in the record to show a connection between Martinez's location of the address listed in the phone book and his location of the work address. Thus, even if we assume that the listing attached to Duemling's motion was in effect throughout the time Martinez was attempting to locate her, it still falls short of meeting Duemling's burden to establish as a matter of law that Tranter failed to exercise diligence. *But cf. Austin v. Proctor,* 291 S.W. 702, 702–04 (Tex.Civ.App.-El Paso 1927, no writ) (holding that the plaintiff did not exercise due diligence when it was undisputed that the defendant was living in El Paso and that his business and residence phone were listed in the city directory, and when

the plaintiff's attorney did nothing to locate him through several terms of court).

## CONCLUSION

For the reasons stated herein, we sustain Tranter's sole issue on appeal, reverse the summary judgment, and remand the cause for further proceedings.

---

4. At the summary judgment hearing, Duemling's counsel stated that the phone book is issued annually in May. But counsel did not ask the court to take judicial notice of this "fact," and the record does not contain any written material to establish it.

5. In *Ray,* the citation was returned unexecuted because the defendant no longer lived at the given address. 922 S.W.2d at 316. The plaintiffs hired an investigator, who discover-

ed the defendant's new address approximately two months later. *Id.* The defendant moved for summary judgment, arguing that his address was correctly listed in the phone book throughout the entire time that the plaintiffs were attempting to locate him. He asserted that because the plaintiffs failed to consult the phone book, they failed to exercise diligence as a matter of law. *Id.* at 317. The court rejected this argument. *Id.* at 317–18.