COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-450-CV

 

 

CRYSTAL M. RAMIREZ                                                         APPELLANT

 

                                                   V.

 

TRAVIS REED PRUITT                                                             APPELLEE

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Crystal M. Ramirez
appeals the trial court=s granting
of summary judgment in favor of Appellee Travis Reed Pruitt.  In a single point, Appellant asserts that the
trial court erred in granting Appellee=s motion for summary judgment. 
We affirm.

 








FACTUAL BACKGROUND

Appellant sued Appellee for
damages arising out of an automobile accident that occurred on March 3,
2000.  At the time of the accident,
Appellant was sixteen years old.  Her
date of birth is August 31, 1983, and she turned eighteen on August 31,
2001.  From the date of the accident
until the time Appellant served Appellee with the original petition, Appellee
was within the state of Texas, with the exception of a nine-month period during
which he attended school in Oklahoma.

On March 1, 2002, Appellant
filed her original petition against Appellee. 
Almost three years later, on February 15, 2005, Appellant served
Appellee with the original petition.  The
trial court determined that Appellant=s service of process was untimely and the summary judgment evidence
failed to provide a sufficient reason for the delay; thus, it granted Appellee=s motion for summary judgment.

DISCUSSION








In a summary judgment case,
the issue on appeal is whether the movant met the summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.  Sw. Elec. Power
Co., 73 S.W.3d at 215.

When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant, and we
indulge every reasonable inference and resolve any doubts in the nonmovant=s favor.  Valence Operating
Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  Evidence that favors the movant=s position will not be considered unless it is uncontroverted.  Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).

When a defendant moves for
summary judgment and shows that service occurred after the limitations period
expired, the burden shifts to the plaintiff to offer an explanation for the
delay.  Proulx v. Wells, 186
S.W.3d 630, 633 (Tex. App.CFort Worth 2006, pet. filed); see James v. Gruma Corp., 129
S.W.3d 755, 760 (Tex. App.CFort Worth 2004, pet. denied); Tranter v. Duemling, 129 S.W.3d
257, 260 (Tex. App.CEl Paso
2004, no pet.); Carter v. MacFadyen, 93 S.W.3d 307, 313 (Tex. App.CHouston [14th Dist.] 2002, pet. denied). This means only that the
plaintiff must point to evidence that raises a fact issue on diligence.  Tranter, 129 S.W.3d at 260.  If the plaintiff satisfies this burden, the
burden shifts back to the defendant to show why the explanation is insufficient
as a matter of law.  Id.; Carter,
93 S.W.3d at 313.








As a general rule, a
plaintiff who brings a suit for negligence must do so within two years after
the date the cause of action accrues.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 16.003 (Vernon Supp. 2005). 
For persons under the age of eighteen, the limitations period begins to
run when the person turns eighteen years old. 
Id. '
16.001(a)(1), (b) (Vernon 2002).  The
limitations period is also tolled for the period of time that the defendant is
absent from the state.  Id. 16.063
(Vernon 1997).  

To Abring suit@ the
plaintiff must not only file the petition within the limitations period, but
must also use diligence in serving the defendant with process. Tranter,
129 S.W.3d at 259; Tate v. Beal, 119 S.W.3d 378, 380 (Tex. App.CFort Worth 2003, pet. denied). 
If the plaintiff files suit within the limitations period, but does not
serve the defendant until after the limitations period has expired, the date of
service relates back to the date the petition was filed if the plaintiff has
exercised diligence in effecting service. 
See Tranter, 129 S.W.3d at 259; Tate, 119 S.W.3d at 380; Tarrant
County v. Vandigriff, 71 S.W.3d 921, 924 (Tex. App.CFort Worth 2002, pet. denied); Instrument Specialties Co., v. Tex.
Employment Comm=n, 924 S.W.2d 420, 422 (Tex. App.CFort Worth 1996, writ denied).








Generally, the exercise of
due diligence is a question of fact. 
Taylor v. Thompson, 4 S.W.3d 63, 65 (Tex. App.CHouston [1st Dist.] 1999, pet. denied); Hodge v. Smith, 856
S.W.2d 212, 215 (Tex. App.CHouston [1st Dist.] 1993, writ denied).  However, the issue can be determined as a
matter of law if no valid excuse exists for a plaintiff=s failure to timely serve notice of process.  Taylor, 4 S.W.3d at 65; Hodge,
856 S.W.2d at 215.  The two controlling
factors that establish due diligence are (1) whether the plaintiff acted as an
ordinary prudent person would act under the same circumstances and (2) whether
the plaintiff acted diligently up until the time the defendant was served.  Taylor, 4 S.W.3d at 65; Hodge,
856 S.W.2d at 215.

Here, the limitations period
began to run on August 31, 2001, when Appellant reached the age of
eighteen.  See Tex. Civ. Prac. & Rem. Code Ann. ' 16.001(a)(1), (b).  The
limitations period would have expired after two years, plus any period of time
that Appellee was out of the state.  See
id. '' 16.003, 16.063.  As previously
discussed, Appellee was out of the state for one nine-month period after the
date of the accident.  Thus, the
limitations period would have expired two years and nine months after August
31, 2001, or May 31, 2004.  See id.
'' 16.001, 16.003, 16.063.  








Appellant asserts that a fact
issue exists regarding whether she used due diligence in serving Appellee
because her attorney was in contact with a claims representative with the
insurance carrier for Appellee. 
According to Appellant, the claims representative was in contact with
her attorney several times regarding an evaluation of the claim and a potential
settlement.  She asserts that she filed
suit in an abundance of caution, but that her attorney explained to the claims
representative that suit had been filed but that Appellant was still pursuing
an amicable resolution to the suit. 
Appellant contends that she delayed service because she had a sincere
belief that this claim could be settled without the need for additional lawyers
and protracted litigation.  In her
response to Appellee=s motion for
summary judgment, Appellant explained that she delayed serving Appellee with
her petition because settlement negotiations were ongoing and Athe hope of resolution by agreement was always there.@ Appellant attached an affidavit from her attorney to her response,
wherein Appellant=s counsel
stated that he Anever
dreamed that the lawyers for the insurance company would question why service
was delayed.@








 Delaying service based solely on an unfounded
hope of settlement is not what an ordinary prudent person would have done under
the circumstances, and thus, it does not constitute due diligence.  See Parsons v. Turley, 109
S.W.3d 804, 808-09 (Tex. App.CDallas 2003, pet. denied) (holding that the appellant did not show due
diligence in failing to timely serve when attorney explained in affidavit that
he delayed serving the appellee because the attorney had formed a Afirm conviction@ that the
appellee desired a possible early settlement). 
Appellant never states that Appellee or his counsel ever agreed to a
postponement of service, nor was any agreement on the postponement of service
put into writing.  See Tex. R. Civ. P. 11.  When an agreement between attorneys or
parties delays an appellant from obtaining service on an appellee, that
agreement must meet the requirements of Rule 11.  Belleza-Gonzalez v. Villa, 57 S.W.3d
8, 12 (Tex. App.CHouston
[14th Dist.] 2001, no pet.) (finding no due diligence in delay of service when
the plaintiff explained that he relied on an unenforceable oral agreement with
insurance adjustor to withhold service).

 Under these circumstances, we cannot conclude
Appellant raised a fact issue as to whether she exercised due diligence in
serving Appellee with process. 
Accordingly, we hold that the trial court did not err in granting
Appellee=s motion to for summary judgment. 
We overrule Appellant=s sole point.

CONCLUSION

Having overruled Appellant=s sole point, we affirm the trial court=s judgment.

DIXON W. HOLMAN

JUSTICE

 

PANEL
A:  CAYCE, C.J.; HOLMAN and WALKER, JJ.

 

DELIVERED:  June 8, 2006











[1]See Tex. R. App. P. 47.4.