RAMIREZ v. PRUITT

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-450-CV

CRYSTAL M. RAMIREZ APPELLANT

V.

TRAVIS REED PRUITT APPELLEE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Crystal M. Ramirez appeals the trial court’s granting of summary judgment in favor of Appellee Travis Reed Pruitt.  In a single point, Appellant asserts that the trial court erred in granting Appellee’s motion for summary judgment.  We affirm.

FACTUAL BACKGROUND

Appellant sued Appellee for damages arising out of an automobile accident that occurred on March 3, 2000.  At the time of the accident, Appellant was sixteen years old.  Her date of birth is August 31, 1983, and she turned eighteen on August 31, 2001.  From the date of the accident until the time Appellant served Appellee with the original petition, Appellee was within the state of Texas, with the exception of a nine-month period during which he attended school in Oklahoma.

On March 1, 2002, Appellant filed her original petition against Appellee.  Almost three years later, on February 15, 2005, Appellant served Appellee with the original petition.  The trial court determined that Appellant’s service of process was untimely and the summary judgment evidence failed to provide a sufficient reason for the delay; thus, it granted Appellee’s motion for summary judgment.

DISCUSSION

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
Sw. Elec. Power Co., 
73 S.W.3d at 215.

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.
  Valence Operating Co. v. Dorsett
, 164 S.W.3d 656, 661 (Tex. 2005).  Evidence that favors the movant’s position will not be considered unless it is uncontroverted.  
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).

When a defendant moves for summary judgment and shows that service occurred after the limitations period expired, the burden shifts to the plaintiff to offer an explanation for the delay.  
Proulx v. Wells
, 186 S.W.3d 630, 633 (Tex. App.—Fort Worth 2006, pet. filed); 
see James v. Gruma Corp.
, 129 S.W.3d 755, 760 (Tex. App.—Fort Worth 2004, pet. denied); 
Tranter v. Duemling
, 129 S.W.3d 257, 260 (Tex. App.—El Paso 2004, no pet.);
 Carter v. MacFadyen
, 93 S.W.3d 307, 313 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). This means only that the plaintiff must point to evidence that raises a fact issue on diligence.  
Tranter
, 129 S.W.3d at 260.  If the plaintiff satisfies this burden, the burden shifts back to the defendant to show why the explanation is insufficient as a matter of law.  
Id.
; 
Carter
, 93 S.W.3d at 313.

As a general rule, a plaintiff who brings a suit for negligence must do so within two years after the date the cause of action accrues.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.003 (Vernon Supp. 2005).  For persons under the age of eighteen, the limitations period begins to run when the person turns eighteen years old.  
Id. §
 16.001(a)(1), (b) (Vernon 2002).  The limitations period is also tolled for the period of time that the defendant is absent from the state.  
Id.
 16.063 (Vernon 1997).  

To “bring suit” the plaintiff must not only file the petition within the limitations period, but must also use diligence in serving the defendant with process. 
Tranter
, 129 S.W.3d at 259;
 Tate v. Beal
, 119 S.W.3d 378, 380 (Tex. App.—Fort Worth 2003, pet. denied).  If the plaintiff files suit within the limitations period, but does not serve the defendant until after the limitations period has expired, the date of service relates back to the date the petition was filed if the plaintiff has exercised diligence in effecting service.
  See Tranter
, 129 S.W.3d at 259; 
Tate
, 119 S.W.3d at 380; 
Tarrant County v. Vandigriff
, 71 S.W.3d 921, 924 (Tex. App.—Fort Worth 2002, pet. denied); 
Instrument Specialties Co., v. Tex. Employment Comm’n
, 924 S.W.2d 420, 422 (Tex. App.—Fort Worth 1996, writ denied).

Generally, the exercise of due diligence is a question of fact.
  Taylor v. Thompson
, 4 S.W.3d 63, 65 (Tex. App.—Houston [1st Dist.] 1999, pet. denied); 
Hodge v. Smith
, 856 S.W.2d 212, 215 (Tex. App.—Houston [1st Dist.] 1993, writ denied).  However, the issue can be determined as a matter of law if no valid excuse exists for a plaintiff’s failure to timely serve notice of process.  
Taylor
, 4 S.W.3d at 65; 
Hodge
, 856 S.W.2d at 215.  The two controlling factors that establish due diligence are (1) whether the plaintiff acted as an ordinary prudent person would act under the same circumstances and (2) whether the plaintiff acted diligently up until the time the defendant was served.  
Taylor
, 4 S.W.3d at 65; 
Hodge
, 856 S.W.2d at 215.

Here, the limitations period began to run on August 31, 2001, when Appellant reached the age of eighteen.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.001(a)(1), (b).  The limitations period would have expired after two years, plus any period of time that Appellee was out of the state.  
See
 
id. §§
 
16.003
, 16.063.  As previously discussed, Appellee was out of the state for one nine-month period after the date of the accident.  Thus, the limitations period would have expired two years and nine months after August 31, 2001, or May 31, 2004.  
See id
. 
§§
 16.001, 16.003
, 16.063. 
 

Appellant asserts that a fact issue exists regarding whether she used due diligence in serving Appellee because her attorney was in contact with a claims representative with the insurance carrier for Appellee.  According to Appellant, the claims representative was in contact with her attorney several times regarding an evaluation of the claim and a potential settlement.  She asserts that she filed suit in an abundance of caution, but that her attorney explained to the claims representative that suit had been filed but that Appellant was still pursuing an amicable resolution to the suit.  Appellant contends that she delayed service because she had a sincere belief that this claim could be settled without the need for additional lawyers and protracted litigation.  In her response to Appellee’s motion for summary judgment, Appellant explained that she delayed serving Appellee with her petition because settlement negotiations were ongoing and “the hope of resolution by agreement was always there.” Appellant attached an affidavit from her attorney to her response, wherein Appellant’s counsel stated that he “never dreamed that the lawyers for the insurance company would question why service was delayed.”

 Delaying service based solely on an unfounded hope of settlement is not what an ordinary prudent person would have done under the circumstances, and thus, it does not constitute due diligence.  
See
 
Parsons v. Turley
, 109 S.W.3d 804, 808-09 (Tex. App.—Dallas 2003, pet. denied) (holding that the appellant did not show due diligence in failing to timely serve when attorney explained in affidavit that he delayed serving the appellee because the attorney had formed a “firm conviction” that the appellee desired a possible early settlement).  Appellant never states that Appellee or his counsel ever agreed to a postponement of service, nor was any agreement on the postponement of service put into writing.  
See
 
Tex. R. Civ. P.
 11.  When an agreement between attorneys or parties delays an appellant from obtaining service on an appellee, that agreement must meet the requirements of Rule 11.  
Belleza-Gonzalez v. Villa
, 57 S.W.3d 8, 12 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (finding no due diligence in delay of service when the plaintiff explained that he relied on an unenforceable oral agreement with insurance adjustor to withhold service).

 Under these circumstances, we cannot conclude Appellant raised a fact issue as to whether she exercised due diligence in serving Appellee with process.  Accordingly, we hold that the trial court did not err in granting Appellee’s motion to for summary judgment.  We overrule Appellant’s sole point.

CONCLUSION

Having overruled Appellant’s sole point, we affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL A:  CAYCE, C.J.; HOLMAN and WALKER, JJ.

DELIVERED:  June 8, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.