STOTTS v. FERRELL

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-194-CV

PAMELA STOTTS APPELLANT

V.

BILLY JO FERRELL APPELLEE

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Pamela Stotts appeals the trial court’s granting of summary judgment in favor of Appellee Billy Jo Ferrell based upon her failure to use due diligence in obtaining service of citation on Appellee.  In a single issue, Appellant asserts that the trial court incorrectly ruled that, as a matter of law, she failed to use due diligence to obtain service of citation upon Appellee.  We affirm. 

FACTUAL BACKGROUND

On September 27, 2002, Appellant filed her original petition, alleging that on September 29, 2000, she was injured on Appellee’s premises.  Appellant requested service of process at Appellee’s residence.  Appellant’s counsel picked up the original citation from the clerk’s office himself.  Appellant’s counsel could not recall whether he had hired the process server that he generally used at that time, Natalie Wickman, or some other process server to serve the citation on Appellee.  Appellant’s attorney was unable to locate any records that would establish the name of the process server who attempted to serve the first citation to Appellee.

Appellee was hospitalized as a result of an unrelated automobile accident beginning on September 7, 2002.  Appellant had known Appellee for approximately twenty years, and within a day or two of Appellee’s car accident, she learned that Appellee had been hospitalized as a result of the accident.  Appellant visited Appellee several times while he was hospitalized.  On or about November 20, 2002, Appellant informed her counsel that Appellee was a patient in the Dallas V. A. Hospital.  After learning that Appellee was in the hospital, Appellant’s counsel wrote a letter to Farmer’s Insurance, Appellee’s insurer, requesting that it “advise if [it] will file an answer on [Appellee’s] behalf without my obtaining of personal service.”  In his deposition, Appellant’s counsel testified that he waited for approximately two to three weeks for a response from Farmer’s Insurance regarding whether it would accept service on behalf of Appellee, and that he did not do anything to effect service while he was waiting.  He also testified that in either December or January, he asked his legal assistant to contact the unidentified process server and tell him or her to serve Appellee with the original citation at the Dallas V. A. Hospital.  The original petition was never served on Appellee at the Dallas V. A. Hospital.  Instead, on February 5, 2003, Appellant’s counsel requested a second citation with Ferrell’s address listed at the Dallas V. A. Hospital.  Then, on February 11, 2003, a process server served Appellee with the citation.

DISCUSSION

When a party moves for summary judgment under both rules 166a(c) and 166a(i), we will first review the trial court’s judgment under the standards of rule 166a(i).  
Ford Motor Co. v. Ridgway, 
135 S.W.3d 598, 600 (Tex. 2004).  If the appellant failed to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the appellee’s summary judgment proof satisfied the less stringent rule 166a(c) burden.  
Id.

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant’s claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).

We review the evidence in the light most favorable to the party against whom the no evidence summary judgment was rendered.  
King Ranch, Inc. v. Chapman
, 118 S.W.3d 742, 751 (Tex. 2003), 
cert. denied
, 541 U.S. 1030 (2004); 
Johnson
, 73 S.W.3d at 197; 
Morgan v. Anthony
, 27 S.W.3d 928, 929 (Tex. 2000).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). 

In a traditional summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co., 
73 S.W.3d at 215, 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
Sw. Elec. Power Co., 
73 S.W.3d at 215.

When a defendant moves for summary judgment and shows that service occurred after the limitations period expired, the burden shifts to the plaintiff to offer an explanation for the delay.  
Proulx v. Wells
, 186 S.W.3d 630, 633 (Tex. App.—Fort Worth 2006, pet. filed); 
see James v. Gruma Corp.
, 129 S.W.3d 755, 760 (Tex. App.—Fort Worth 2004, pet. denied); 
Tranter v. Duemling
, 129 S.W.3d 257, 260 (Tex. App.—El Paso 2004, no pet.);
 Carter v. MacFadyen
, 93 S.W.3d 307, 313 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).  This means only that the plaintiff must point to evidence that raises a fact issue on diligence.  
Tranter
, 129 S.W.3d at 260.  If the plaintiff satisfies this burden, the burden shifts back to the defendant to show why the explanation is insufficient as a matter of law.  
Id.
; 
Carter
, 93 S.W.3d at 313.

As a general rule, a plaintiff who brings a suit for personal injuries must do so within two years after the date the cause of action accrues.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.003(a) (Vernon Supp. 2005).  
To “bring suit” the plaintiff must not only file the petition within the limitations period but must also use diligence in serving the defendant with process. 
 Tranter
, 129 S.W.3d at 259;
 Tate v. Beal
, 119 S.W.3d 378, 380 (Tex. App.—Fort Worth 2003, pet. denied).  If the plaintiff files suit within the limitations period but does not serve the defendant until after the limitations period has expired, the date of service relates back to the date the petition was filed if the plaintiff has exercised diligence in effecting service.
  See Tranter
, 129 S.W.3d at 259; 
Tate
, 119 S.W.3d at 380; 
Tarrant County v. Vandigriff
, 71 S.W.3d 921, 924 (Tex. App.—Fort Worth 2002, pet. denied); 
Instrument Specialties Co., v. Tex. Employment Comm’n
, 924 S.W.2d 420, 422 (Tex. App.—Fort Worth 1996, writ denied).

Generally, the exercise of due diligence is a question of fact.
  Taylor v. Thompson
, 4 S.W.3d 63, 65 (Tex. App.—Houston [1st Dist.] 1999, pet. denied); 
Hodge v. Smith
, 856 S.W.2d 212, 215 (Tex. App.—Houston [1st Dist.] 1993, writ denied).  However, the issue can be determined as a matter of law if no valid excuse exists for a plaintiff’s failure to timely serve notice of process.  
Taylor
, 4 S.W.3d at 65; 
Hodge
, 856 S.W.2d at 215.  The two controlling factors that establish due diligence are: (1) whether the plaintiff acted as an ordinary prudent person would act under the same circumstances and (2) whether the plaintiff acted diligently up until the time the defendant was served.  
Taylor
, 4 S.W.3d at 65; 
Hodge
, 856 S.W.2d at 215.  Whether a plaintiff was diligent in serving a defendant is normally a question of fact, but if no excuse is offered for a delay or if the lapse of time coupled with the plaintiff’s acts conclusively negate diligence, lack of diligence will be found as a matter of law.  
Vandigriff
, 71 S.W.3d at 925; 
Instrument Specialities
, 924 S.W.2d at 422.  A fact issue exists if the plaintiff gives a valid or reasonable explanation for the delay.  
James
, 129 S.W.3d at 760.

The duty to use due diligence continues from the date suit is filed until the date the defendant is served.  
Id.
 at 759
; Parsons v. Turley
, 109 S.W.3d 804, 808 (Tex. App.—Dallas 2003, pet. denied).  In a case such as this, the question of due diligence is answered by looking at (1) the time it took to procure citation, service, or both and (2) the type of effort or lack of effort the plaintiff expended in procuring service.  
See Webster v. Thomas
, 5 S.W.3d 287, 290 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

An offered explanation must involve diligence to seek service of process.
 Weaver v. E-Z Mart Stores
, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no writ).  Stated differently, lack of diligence can be found even in the face of an offered explanation, if that explanation affirmatively established lack of reasonable diligence.  
See id. 
at 170.

1. No Evidence Motion For Summary Judgment

In her response to Appellee’s motion for summary judgment,
(footnote: 2) Appellant presented an affidavit wherein her attorney set forth the general procedures that he utilized at the time the present suit was filed to ensure that process is timely served.  In the affidavit, he explained that he would contact a private process server to serve the citation, and then he would contact the process server on a regular basis to determine whether the citation was served, and if not, why it had not been served.  He would then determine his next course of action, such as finding the proper address for the defendant, determine whether to hire a private investigator, use a different process server, or ask for rule 106 service.  We hold that Appellant has brought forward more than a scintilla of probative evidence that raises a genuine issue of material fact regarding whether she used due diligence in serving Appellee; thus, a no evidence summary judgment would not be proper in this case.  
See Moore
, 981 S.W.2d at 269.  Next, we will review the evidence presented to determine whether summary judgment is proper under the rule 166a(c) standard.  
See Ridgeway
, 
135 S.W.3d at 600.

2.  Traditional Motion For Summary Judgment
 
 

Here, it took Appellant approximately four and a half months to serve Appellee with process.  Texas courts have consistently held that due diligence was lacking as a matter of law based upon lapses of time between the filing of the lawsuit and service of process for time periods shorter than and similar to the four-and-a-half month delay in the present case where there have been no efforts or insufficient efforts to obtain service of process.  
See, e.g., Parsons
, 109 S.W.3d at 809 (holding that the plaintiff did not exercise diligence where a three-month delay occurred in serving process and plaintiff relied upon an oral agreement with the defendant to postpone service); 
Boyattia v. Hinojosa
, 18 S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet. denied) (concluding that the plaintiff’s failure to act during the three-month delay in serving the defendant amounted to a failure to exercise diligence as a matter of law); 
Webster
, 5 S.W.3d at 290 (holding that four-month and ten-day delay amounts to a lack of diligence, if coupled with no efforts or insufficient efforts to procure citation and service); 
Hansler v. Mainka
, 807 S.W.2d 3, 5 (Tex. App.—Corpus Christi 1991, no writ) (holding as matter of law the plaintiff lacked diligence after an unexplained delay of over five months after the expiration of the statute of limitations).  Thus, the issue we must resolve is whether Appellant’s summary judgment evidence raises a fact issue as to whether he acted with reasonable diligence.  
See Webster
, 5 S.W.3d at 290.  A delay in service, coupled with no efforts or insufficient efforts to procure citation and service, amounts to a lack of diligence as a matter of law.  
See id. 
at 291.

The summary judgment proof shows that Appellant’s counsel waited until September 27, 2002, two days prior to the expiration of the statute of limitations, to file suit.  During his deposition, Appellant’s attorney stated that he picked up the original citation from the clerk’s office; however, he does not know what happened to the original citation after he obtained it from the clerk’s office, and he cannot identify the process server he used to attempt to serve the original citation.  Additionally, Appellant’s attorney acknowledged that he was unable to locate any records to establish the identity of the process server who attempted to serve the original citation on Appellee.

Appellant knew that Appellee had been admitted to the hospital prior to the time suit was filed because she received the information shortly after he was admitted to the hospital on September 7, 2002.  Appellant’s trial counsel had actual knowledge that Appellee was in the hospital on or about November 20, 2002, when Appellant informed him of that fact; yet, more than two months passed before he requested that a second citation be served on Appellee at the Dallas V. A. Hospital.  As evidence of due diligence, Appellant presented an affidavit of her attorney, who explained the procedures he generally employs to ensure that process is timely served in suits where the statute of limitations had run or would run shortly.  One of the procedures that Appellant’s counsel employed to insure that process was timely served was to contact the process server on a regular basis to determine if citation had been served; however, Appellant’s attorney could not produce any documentary proof establishing that in this case he attempted to contact the process server he used.  In his affidavit, Appellant’s counsel stated that, after approximately two to three weeks had passed since the time that he sent the letter to Farmer’s Insurance, he had his legal assistant call the process server and ask the process server to serve citation on Appellee at the Dallas V. A. Hospital and that he made the same request every week to ten days thereafter.  Although he remembered overhearing his legal assistant calling and leaving messages, he does not remember why he was eventually told the citation had not been served.  He did not present any documentation to support his recollection of requesting that his legal assistant call the process server to serve Appellee at the Dallas V. A. Hospital, nor did he present an affidavit or deposition of his legal assistant to support his contention.  It was not until February 11, 2003, that Appellant served Appellee with the second citation at the Dallas V. A. Hospital.

Appellant’s attorney also stated in his affidavit that “[a]t the time, Natalie Wickman was the process server [he] primarily used,” but he does not state that Wickman actually was the process server he used in the present case. Nevertheless, Appellant’s counsel’s reliance on a process server, whom he cannot identify, to serve process does not constitute due diligence because it is the responsibility of the party requesting service to see that it is properly accomplished.  
See 
Tex. R. Civ. P.
 99a; 
Primate Constr., Inc. v. Silver
, 884 S.W.2d 151, 153 (Tex. 1994).  

We hold that the summary judgment evidence shows that Appellant failed to raise a fact issue on her due diligence by providing a valid or reasonable explanation for her delay in effecting service; therefore, Appellee proved as a matter of law that Appellant did not use due diligence in serving him, and Appellant’s suit is barred by limitations.  Accordingly, we overrule Appellant’s sole issue. 

CONCLUSION

Having overruled Appellant’s sole issue, we affirm the judgment of the trial court. 

PER CURIAM

PANEL B:  HOLMAN, LIVINGSTON, and MCCOY, JJ.

DELIVERED:  July 20, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Appellee filed a combined motion for summary judgment.  While Appellee correctly cited rule of civil procedure 166a(i) when discussing the no evidence portion, he incorrectly applied traditional motion for summary judgment standard when he stated that he was “entitled to summary judgment because he was served more than four months after limitations expired and [Appellant] cannot . . . demonstrate that there is sufficient evidence to raise a genuine issue of material fact
 
regarding her defense to limitations, that she utilized due diligence in serving [Appellee] with citation.”  
See 
Tex. R. Civ. P.
 166a(c).  Although Appellee cited the incorrect legal standard, his motion for summary judgment was sufficient to apprise the trial court that he was moving for summary judgment on no evidence grounds because he cited rule of civil procedure 166a(i) under his subheading entitled  “No Evidence Motion Summary Judgment Motion.”