# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2012

No. 11-20641
Summary Calendar

Lyle W. Cayce
Clerk

BETHANY ROGERS,

Plaintiff-Appellant,

v.

CARY DUNHAM,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
U.S.D.C. No. 4:11-cv-00083

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Bethany Rogers filed suit against Cary Dunham for damages sustained as the result of a vehicle collision. In response, Dunham moved for summary judgment on the grounds that Texas's two-year statute of limitations had run. The district court granted summary judgment in favor of Dunham. We

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

No. 11-20641

REVERSE.

## I.

On January 12, 2009, Bethany Rogers, a Mississippi resident, was involved in a vehicle collision with Cary Dunham, a Texas resident. Rogers was injured as a result of the accident, which occurred in Houston, Texas. Directly after the accident, Dunham provided Rogers with his name and the name of his insurer, Allstate Insurance Company. Dunham and Rogers then both left the scene of the accident before the police arrived.

After an unsuccessful attempt to negotiate payment of the claim with Allstate, Rogers hired an attorney to handle the matter. Invoking diversity jurisdiction, Rogers filed a complaint in federal court against Dunham on January 10, 2011, two days before Texas's statute of limitations for personal injury actions ran. On January 13, 2011, the district judge ordered Rogers to effect service of process on Dunham within sixty days.

Affidavits from Rogers's attorney James Shields and Shields's employee Beverly Lopez set forth the efforts Shields's office undertook to serve Dunham. Lopez first sought information about Dunham from Allstate. Then, between January 21, 2011 and February 22, 2011, Lopez "personally performed multiple online searches trying to locate the defendant, Cary Dunham, including social networks" and a number of online directories. On February 22, 2011, Shields requested a summons from the clerk of court. From February 22 to March 16, 2011, Lopez sought to verify the information obtained through online searches by means of telephone calls. On March 9, Shields forwarded the information his office had obtained regarding Dunham to a private investigator, who on March 16, 2011 indicated that he had located the Cary Dunham whose car struck Rogers's car. Then on April 1, 2011, more than two weeks after the deadline had passed for Rogers to effect service of process on Dunham in accordance with the court's order, Rogers filed for an extension to effect service. That day, the

No. 11-20641

district court denied Rogers's motion. One week later, on April 8, 2011, a private process server effected personal service on Dunham.

Dunham answered Rogers's suit and then filed a motion for summary judgment on July 15, 2011. While acknowledging during a deposition that service was otherwise proper, he argued in his motion for summary judgment that Rogers did not exercise diligence in serving Dunham with process. On August 8, 2011, the district judge held a hearing on Dunham's motion. The next day, the district court granted summary judgment in favor of Dunham. This appeal followed.

## II.

This court reviews a district court's grant of summary judgment de novo. *Admiral Ins. Co. v. Ford*, 607 F.3d 420, 422 (5th Cir. 2010). Summary judgment is appropriate when the evidence before the court shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Dunham moved for summary judgment on the ground that Rogers failed to comply with Texas's two-year statute of limitations for personal injury actions. To satisfy the statute of limitations in Texas, "the plaintiff must not only file the petition within the two-year period, but must also use diligence in serving the defendant with process." *Tranter v. Duemling*, 129 S.W.3d 257, 259-60 (Tex. App.–El Paso 2004). In Texas, then, actions are time barred when the plaintiff neither serves the defendant within the statute of limitations nor exercises diligence in her service. *See id.* Here, Rogers filed suit within the applicable two-year statute of limitations for personal injury actions, but did not serve process before the statute of limitations ran. Thus, even though Federal Rule of Civil Procedure 4(m) permits plaintiffs in federal court 120 days to serve the defendants, Rogers must also satisfy the separate standard of demonstrating "diligence" under Texas law. *Id.; see also Walker v. Armco Steel*, 446 U.S. 740,

No. 11-20641

751 (1980).

Generally, diligence is a fact question to be answered by a jury. *Tranter*, 129 S.W.3d at 259. In determining whether a plaintiff exercised diligence, Texas courts look to two "controlling factors": "(1) whether the plaintiff acted as an ordinary prudent person would act under the same circumstances; and (2) whether the plaintiff acted diligently until the defendant was actually served." *Id.* In assessing whether this standard is met, Texas courts employ a burden-shifting analysis. *Id.* at 260. The plaintiff has the burden of "offer[ing] an explanation for the delay." *Id.* If the plaintiff can satisfy this burden, the burden shifts to the defendant "to show why [plaintiff's] explanation is insufficient as a matter of law." *Id.* At summary judgment, plaintiff's diligence may be determined "as a matter of law only if no valid excuse exists for the delay or if the lapse of time and the plaintiff's actions, or inaction, conclusively negate diligence." *Id.* at 259-60.

Thus, in cases where the plaintiff offers some plausible account of activity directed towards serving the defendant, Texas courts have required defendants to demonstrate conclusively that plaintiff did not act diligently or that plaintiff's excuses are invalid. *Tranter*, 129 S.W.3d at 259-60; *Tate v. Beal*, 119 S.W.3d 378 (Tex. App.–Fort Worth 2003). For instance, in *Tate*, when the plaintiff did not serve the defendant for ninety-seven days, the plaintiff explained that the delay resulted from beginning with an incorrect address and the difficulty in locating the defendant's correct address. Because the defendant could not show as a matter of law that plaintiff's explanation was invalid, Texas's Court of Appeals held that diligence was an issue of fact for the jury to resolve. *Id.* at 381 ("Indeed, [Plaintiff had] obviously spent some of this time obtaining [Defendant's] correct address, requesting issuance of a second citation, and hiring a private process server . . . [W]e hold that a fact issue exists concerning whether [Plaintiff] exercised due diligence in effecting service on [Defendant].").

4

No. 11-20641

Here, like in *Tate*, Rogers submitted affidavits from both Shields and Lopez providing an explanation for why it took eighty-eight days to serve Dunham. This time period was longer than the sixty days allotted in the district court's order. But taking the evidence, as we must, in the light most favorable to Rogers, Rogers has satisfied her burden of providing "an explanation for the delay." *See Tranter*, 129 S.W.3d at 260. Lopez knew Cary Dunham's name but not his address. She therefore conducted a significant amount of online research and found multiple addresses for individuals named Cary Dunham. As she was concerned about serving the wrong person, Lopez then sought to verify what she had learned through telephone calls. Once Shields was confident that Lopez had located the correct Cary Dunham, he requested a summons from the court and hired an investigator to serve Dunham. Dunham admits he was served properly, except for Rogers's purported failure to act promptly.

In his response to Rogers's explanation, Dunham has not carried his burden of demonstrating that Rogers's diligence can be adjudicated as a matter of law. Perhaps the trier of fact will conclude that Shields and Lopez spent an unreasonable amount of time locating Dunham, or that Rogers's failure to comply with the district court's order demonstrates a lack of diligence.[1] Texas law instructs, though, that such issues should not normally be resolved on summary judgment. *See Tranter*, 129 S.W.3d at 259. And none of Dunham's arguments convince us that this is the atypical case where diligence can be decided as a matter of law. While Dunham challenges the efficacy of Rogers's

---

[1] Dunham argues in his brief that the district court dismissed Rogers's action as an exercise of its inherent powers to dismiss actions as a sanction for failing to comply with a court order. The record does not support this argument. Neither Dunham's motion for summary judgment, the hearing regarding Dunham's motion for summary judgment, nor the final judgment entered by the district court suggest that the dismissal was a sanction for failing to comply with the district court's order. While the district court's order granting final judgment does not specify its basis, the transcript of the hearing regarding Dunham's motion indicates that the district court was dismissing Rogers's action in response to Dunham's motion. Dunham's motion cited only Rogers's failure to comply with Texas's two-year statute of limitations as a basis for dismissal. Therefore, this is the only basis for dismissal supported by the record.

No. 11-20641

initial attempts to contact Allstate, the purpose of these efforts, according to Lopez's affidavit, was to obtain Dunham's contact information. Dunham does not otherwise contest Rogers's contention that from January 21, 2011, to April 8, 2011, Shields and Lopez were seeking to locate Dunham, and then, after obtaining a summons, Shields hired an investigator who actually served Dunham.[2]  For this reason, Dunham has not shown that Rogers's excuse was invalid or that her actions conclusively negate diligence.  *See Tranter*, 129 S.W.3d at 260.  Accordingly, an issue of fact exists as to whether Rogers diligently effected service.  Granting summary judgment to Dunham was improper.

### III.

We REVERSE the district court's entry of summary judgment in favor of Cary Dunham and REMAND for further proceedings consistent with this opinion.

---

[2]  We reject Dunham's argument that *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 48 (Tex. App.–San Antonio 1999), controls this case.  In *Tinsman & Houser*, plaintiff did nothing to effect service for twenty-eight days because plaintiff's counsel forgot to send a letter to the defendant soliciting a waiver of service.  *Id.*  The court conditioned its holding that plaintiff did not exercise diligence on plaintiff's "inactivity or complete failure to attempt service . . . ." *Id.* at 51.  Here, the affidavits explain that Rogers's counsel were taking steps towards effecting service, and that the delay was not a result of "inactivity or complete failure to attempt service."  Accordingly, *Tinsman & Houser* does not establish that Rogers' diligence can be resolved on a motion for summary judgment.