# United States Court of Appeals for the Fifth Circuit

No. 22-10617
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 16, 2022

Lyle W. Cayce
Clerk

Stanley Phillips,

*Plaintiff—Appellant*,

*versus*

Cero's L.L.C., *doing business as Alert Security Asset Protection*; John Does 1–6; The Coca-Cola Company,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-3077

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Stanley Phillips sued Cero's L.L.C. ("Cero's") and The Coca-Cola Company ("Coca-Cola") for personal injuries after he slipped and fell at a Coca-Cola facility. The district court dismissed his claims. We affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10617

## I.

On August 11, 2019, Phillips, a truck driver for Midnight 1 Trucking, LLC, arrived at a Coca-Cola facility around midnight to pick up a load of beverages. While walking towards a security gate to sign in, Phillips slipped on a walkway and was injured. He alleges a Coca-Cola employee had released a water-pressure valve, causing water to gush out onto the walkway near the gate. Phillips sued, asserting negligence and premises liability claims against both Coca-Cola and Cero's, the security company that manned the gate. The suit was filed on August 10, 2021—a day before the applicable statute of limitations expired—but Coca-Cola was not served until November 9, 2021.

Cero's moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion, concluding Phillips failed to adequately plead premises liability or negligence claims against Cero's.

Coco-Cola then moved for summary judgment, contending Phillips's claims were barred by Texas's two-year statute of limitations. The district court agreed, finding Phillips failed to show he diligently served Coca-Cola after the statute of limitations expired. Phillips appeals both rulings.

## II.

First, Phillips argues the district court erred in dismissing his claims against Cero's. We review *de novo* a dismissal for failure to state a claim. *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305, 307 (5th Cir. 2020). Although we accept "all well-pleaded facts as true" and view them favorably to the plaintiff, we do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Franklin v. Regions Bank*, 976 F.3d 443, 447 (5th Cir. 2020) (cleaned up).

Phillips pled three separate claims against Cero's—premises liability, ordinary negligence, and gross negligence. *See United Scaffolding, Inc. v.*

No. 22-10617

*Levine*, 537 S.W.3d 463, 471 (Tex. 2017) (explaining premises liability and negligence are related but independent theories of recovery). For premises liability, Phillips must prove that Cero's "possessed—that is, owned, occupied, or controlled—the premises where the injury occurred." *Wilson v. Tex. Parks & Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex. 1999). He must also prove that Cero's employees had knowledge of a dangerous condition posing an "unreasonable risk of harm," and also failed to exercise reasonable care to "reduce or to eliminate" the danger. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). We agree with the district court that Phillips failed to adequately plead a violation of these standards. Beyond mere conclusions, Phillips's complaint does not allege how Cero's possessed Coca-Cola's walkway nor how Cero's employees knew that a Coca-Cola employee released a valve causing the walkway to flood. Phillips therefore failed to sufficiently plead a premises liability claim.

As for negligence, Phillips's complaint merely asserts boilerplate allegations that Cero's breached various duties owed Phillips, causing his injuries. Such conclusory allegations "masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) (citation omitted). Phillips therefore failed to sufficiently plead a claim for ordinary negligence. *Morin v. Moore*, 309 F.3d 316, 326 (5th Cir. 2002) ("To state a claim for negligence in Texas, a plaintiff must show duty, breach, causation, and damages."). His gross negligence claim, which requires an even higher evidentiary showing, fails for the same reasons. *See Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 n.2 (5th Cir. 2014).

The district court correctly dismissed the claims against Cero's.

## III.

Next, Phillips challenges the summary judgment in favor of Coca-Cola, contending the district court erroneously concluded his claims were barred by Texas's statute of limitations. We review summary judgments *de novo*, applying the same standard as the district court. *Powers*, 951 F.3d at 307; Fed. R. Civ. P. 56(d).

In Texas, personal injury claims are subject to a two-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.003(a); *see Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 467 (5th Cir. 1999). "To satisfy the statute of limitations in Texas, the plaintiff must not only file the petition within the two-year period, but must also use diligence in serving the defendant with process." *Rogers v. Dunham*, 478 F. App'x 875, 877 (5th Cir. 2012) (unpublished) (internal quotations omitted); *see Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). If the plaintiff serves the defendant after the period expires, the plaintiff has the "burden of 'offer[ing] an explanation for the delay.'" *Rogers*, 478 F., App'x. at 877 (alteration in original) (quoting *Tranter v. Duemling*, 129 S.W.3d 257, 259 (Tex. App.-El Paso 2004)). If he meets this burden, then the defendant must "show why [plaintiff's] explanation is insufficient as a matter of law." *Ibid.* (alteration in original) (citation omitted).

Phillip's claims against Coca-Cola accrued on August 10, 2019, the date of his alleged fall. The statute of limitations expired on August 11, 2021. Yet Phillips did not serve Coca-Cola until November 9, 2021—90 days after the deadline. Phillips offered the district court no explanation for the untimely service. Instead, he argued that the two-year period was extended 81 days by two Texas Supreme Court emergency orders: the First and Eighth Emergency Orders Regarding the Covid-19 State of Disaster. We disagree.

No. 22-10617

Those orders toll only certain cases, but Phillip's is not among them. As amended, the orders provide:

> Any deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and September 1, 2020, is extended until September 15, 2020.

*Twenty-First Emergency Order Regarding Covid-19 State of Disaster*, 609 S.W.3d 128 (Tex. July 31, 2020) (effectively amending First and Eighth Emergency Orders); *see also Allen v. Sherman Operating Co.*, 520 F. Supp. 3d. 854, 864–66 (E.D. Tex. 2021) (explaining chronology of the emergency orders).[1] Because the filing and service deadlines for Phillip's claims (August 11, 2021) do not fall within the order's listed dates (March 13–September 1, 2020), the tolling provision does not apply to Phillip's claims. And by failing to offer any other excuse for his untimely service, Phillips fails to meet his burden to show he diligently served Coca-Cola. Accordingly, we find no reversible error.

AFFIRMED.

---

[1] The Twenty-First emergency order is the last one tolling deadlines for civil cases, amending all previous orders. *See Twenty-First Emergency Order*, 609 S.W.3d 128 (Tex. July 31, 2020) (amending Eighteenth Emergency Order); *Eighteenth Emergency Order*, 609 S.W.3d. 122 (Tex. June 29, 2020) (amending Seventeenth Emergency Order); *Seventeenth Emergency Order*, 609 S.W.3d 119 (Tex. May 26, 2020) (amending Twelfth Emergency Order); *Twelfth Emergency Order*, 629 S.W.3d 144 (Tex. Apr. 27, 2020) (amending First Emergency Order, as amended by Eighth Emergency Order); *Eighth Emergency Order*, 597 S.W.3d 844 (Tex. Apr. 1, 2020) (amending First Emergency Order).